IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. *18-24* J |
| | ) | |
| JOHN T. TERRY, | ) | **[UNDER SEAL]** |
| a/k/a "Tyree Terry" | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr., Special Assistant United States Attorney for said district, and submits the following Indictment Memorandum to the Court:

## I.   THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine, Schedule II controlled substances, on or about April 4, 2018. | 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A)(viii) and 841(b)(1)(B)(ii)(II) |
| 2 | Unlawful possession of a firearm by a convicted felon, on or about April 4, 2018. | 18 U.S.C. § 922(g)(1) |
| 3 | Unlawful possession of a firearm in furtherance of a drug trafficking crime, on or about April 4, 2018. | 18 U.S.C. §§ 924(c) (1)(A)(i) and 924(c) (1)(C)(i) |

## II.  ELEMENTS OF THE OFFENSES

A.    As to Count One:

In order for the crime of possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, and a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii)(II), to be established, the government must prove all of the following essential elements, beyond a reasonable doubt:

1.    That on or about the date set forth, the defendant possessed with intent to distribute the controlled substances charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700(9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.    That methamphetamine and cocaine are Schedule II controlled substances.

> 21 C.F.R. § 1308.12d); United States v. Gori, 324 F.3d 234, 24 (3d Cir. 2003)

and pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

2

4.      That the mixture or substance containing a detectable amount of methamphetamine and cocaine was 500 grams or more.   21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C. § 841(b)(1)(B)(ii).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

B.      As to Count Two:

In order for the crime of unlawful possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2.      That after this conviction, defendant knowingly possessed the firearm described in Count Two of the indictment; and

3.      That defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G.

C.      As to Count Three:

In order for the crime of unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(C)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That defendant committed the crime as charged in Count One of the

3

indictment; and

  2. That defendant knowingly possessed a firearm in furtherance of this crime.

Third Circuit Model Criminal Jury Instruction 6.18.924A and 6.18.924B.

### III. PENALTIES

A. As to Count One: Possession with intent to distribute five hundred (500) grams or more of methamphetamine and cocaine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii)(II)):

Possession with intent to distribute five hundred (500) grams or more of methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii)):

  1. A term of imprisonment of not less than ten (10) years to a maximum of life.

  2. A fine not to exceed $10,000,000.

  3. A term of supervised release of at least five (5) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

  1. A term of imprisonment of not less than twenty (20) years to a maximum of life.

  2. A fine not to exceed $20,000,000.

  3. A term of supervised release of at least five (5) years.

Possession with intent to distribute five hundred (500) grams or more of cocaine (21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B)(ii)(II)):

  1. A term of imprisonment of not less than five (5) years to a maximum of 40 years.

4

2.    A fine not to exceed $5,000,000.

3.    A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

2.    A fine not to exceed $8,000,000.

3.    A term of supervised release of at least eight (8) years.

B.    As to Count Two:  Unlawful possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):

1.    A term of imprisonment of not more than ten (10) years.  However, if it is determined the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.    A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

C.    As to Count Three:  Unlawful possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i) and 924(c)(1)(C)(i):

1.    A term of imprisonment of not less than five (5) years, nor more than life imprisonment.  Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term

of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the 18 U.S.C. § 924(c)(1).

United States v. Gray, 260 F.3d 1267, 1281 (11th) Cir. 2001);
United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.    A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

4.  In the case of a second or subsequent conviction under 18 U.S.C. § 924(c), the person shall be sentenced to a term of imprisonment of not less than 25 years.  (18 U.S.C. § 924(c)(1)(C)(i)).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $300 must be imposed for each count in the Indictment for which the defendant is convicted, pursuant to 18 U.S.C. § 3013, as the offenses occurred after April 24, 1996.

## V.  RESTITUTION

Not applicable in this case.

## VI.  FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

ARNOLD P. BERNARD, JR.
Special Assistant U.S. Attorney
PA ID No. 313734

6