IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | Case No. 3:18-cr-24 |
| --- | --- | --- |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| JOHN T. TERRY, a/k/a TYREE TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is the Government's motion for revocation of Magistrate Judge Pesto's release order. (ECF No. 22.) After thoroughly reviewing the record in this matter, the Court finds that the motion should be **GRANTED**.

### I. Jurisdiction

The Government has filed the instant motion under 18 U.S.C. § 3145(a), which provides in pertinent part:

> Review of a release order.--If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order . . . .

18 U.S.C. § 1345(a)(1). This Court has original jurisdiction over the charged offense set forth in the criminal indictment in this case. Thus, the motion for revocation was properly filed in this Court. In conducting its review of the motion, this Court applies a *de novo* standard of review. *See United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985); *United States v. Oliver*, No. 16-40, 2016 WL 1746853, at *4 (W.D. Pa. May 3, 2016).

1

## II. Background

In April 2018,[1] Trooper Ryan Marmol, a member of the Pennsylvania State Police Drug Law Enforcement Division, pulled over a vehicle for an unsafe lane change and tinted tail light covers. Defendant John T. Terry ("Defendant") was a passenger in the vehicle, and his brother was the driver. Trooper Marmol observed "indicators consistent with criminal activity" during the stop, so he asked to search the vehicle. Defendant and his brother consented to the search. After a lengthy search, Trooper Marmol located an aftermarket compartment in the passenger side dash area that contained drugs and a loaded, stolen pistol. After Defendant and his brother were taken into custody and given *Miranda* warnings, Defendant "admitted that he was responsible for the vehicle."

On October 16, 2018, a grand jury indicted Defendant (ECF No. 1), charging him with possessing with intent to distribute Schedule II controlled substances (*id.* at 1), being a felon in possession of a firearm (*id.* at 2), and possessing a firearm in furtherance of a drug trafficking crime (*id.* at 3). On November 5, 2018, Defendant was arrested pursuant to a warrant (ECF No. 8 ¶ 3) and made his initial appearance before Magistrate Judge Pesto (ECF No. 10). Magistrate Judge Pesto ordered that Defendant be detained pending a detention hearing. (*Id.*)

On November 7, 2018, Defendant pleaded not guilty to the three counts of the indictment (ECF No. 15) and moved to continue the detention hearing, which Magistrate Judge Pesto granted (ECF No. 14). The detention hearing took place on November 14, 2018. (ECF No. 19.) After

---

[1] The information in this paragraph comes from the Affidavit of Probable Cause offered as an exhibit by Defendant at his detention hearing.

2

hearing from the Government and Defendant and considering the Pretrial Services Office report[2] and defense exhibits,[3] Magistrate Judge Pesto denied the Government's request to detain Defendant pending trial and ordered Defendant released to home detention with electronic monitoring. (ECF No. 19; ECF No. 21 at 45.) The Government appealed, and Magistrate Judge Pesto stayed his decision pending a disposition of the instant appeal before this Court. (ECF No. 19; ECF No. 21 at 46.)

### III. Legal Standard

In this case, which involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," there is a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)(A). To rebut this presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The Court must consider the factors delineated in 18 U.S.C. § 3142(g) to determine whether the defendant rebutted the presumption of detention, including:

(1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or is a crime involving a firearm;

(2) the weight of the evidence against the defendant;

---

[2] The Pretrial Services Office prepared a report for use at the detention hearing. The "Assessment of Danger" portion of the report set forth the following reasons that Defendant poses a risk of danger: (1) the nature of the instant offense; (2) Defendant's history of violence; (3) Defendant's history of criminal activity similar to the charged offenses; (4) Defendant's history of weapons use; (5) safety concerns for the community; and (6) Defendant's general criminal history. The "Assessment of Nonappearance" portion of the report indicated that Defendant poses a risk of nonappearance due to his criminal history. Pretrial Services recommended that Defendant be detained.

[3] Defendant offered numerous letters of support, the arresting officer's report, and an Affidavit of Probable Cause as exhibits at the detention hearing.

3

(3) the history and characteristics of the defendant, including (a) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (b) whether at the time of the current offense, the defendant was on probation or completion of a sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release.

18 U.S.C. § 3142(g).

If the defendant successfully rebuts the presumption of detention, the government must show that no condition or combination of conditions will reasonably assure the defendant's appearance as required or the safety of any other individual and the community. 18 U.S.C. § 3142(e), (f). The government must prove that detention is necessary in order to assure safety by clear and convincing evidence, 18 U.S.C. § 3142(f)(2)(B), while the government's burden with regard to proving that the defendant is a flight risk is a preponderance of the evidence, *United States v. Kulikowski*, Criminal Action Nos. 15-19, 15-22, 2015 WL 1445042, at *2 (W.D. Pa. Mar. 30, 2015) (citing *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986)). The § 3142(g) factors again guide the Court's analysis of whether the government has met its burden.

### IV. Discussion

For purposes of this appeal, the Court has reviewed the transcript of the November 14, 2018 detention hearing (ECF No. 21), as well as the defense exhibits offered at the hearing and the Pretrial Services report. After carefully reviewing the entire record in this case, the Court makes the following findings.

4

## A. Defendant's Rebuttal of the Presumption of Detention

Considering the § 3142(g) factors, the Court finds that Defendant rebutted the presumption of detention based on his likelihood of fleeing. Although the Pretrial Services report found that Defendant poses a risk of nonappearance due to his criminal history, Defendant has no history of nonappearance for court proceedings, he has no passport, and, most significantly, he appeared for his state proceedings related to the offense underlying this case after he was released on bail. (ECF No. 21 at 6, 37, 42, 44; ECF No. 27 at 1-2, 6.) Furthermore, as Magistrate Judge Pesto found, Defendant has significant community ties to Pennsylvania, and, specifically, to Philadelphia (ECF No. 21 at 39, 44), which supports Defendant's contention that he will not flee the state or country. *See Kulikowski*, 2015 WL 1445042, at *7 (finding that the defendant rebutted the presumption of detention because he did not own a passport, lived in the same part of Pennsylvania for his entire life, and had strong community ties).

The Court recognizes that the substantial penalties Defendant faces in this case if convicted increase the incentive to flee. (ECF No. 21 at 33-34; ECF No. 22 at 7.) However, based on the evidence referenced above, Defendant has clearly produced "some credible evidence" that conditions will reasonably assure his appearance as required, *see Carbone*, 793 F.2d at 560, and has thus met his "relatively light" burden of production, *see United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). This Court therefore concludes that Defendant has rebutted the presumption of detention with regard to risk of flight.

Second, Defendant has met the "relatively light" burden with regard to assuring community safety. The Third Circuit has explained that the presumption of detention based on potential danger to the community can be rebutted by "testimony by co-workers, neighbors,

5

family physician, friends, or other associates concerning the arrestee's character, health, or family situation." *United States v. Suppa*, 799 F.2d 115, 120 (3d Cir. 1986) (quoting *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)); *see also United States v. Santiago-Pagan*, Criminal No. 1:08-CR-0424-01, 2009 WL 1106914, at *5 (M.D. Pa. Apr. 23, 2009) (Conner, J.) (finding that the defendant did not rebut the presumption of dangerousness because "[t]he court heard no testimony relating to defendant's moral integrity, respect for the law, or personal reliability; such evidence is not only helpful, but is often crucial to an effective rebuttal of the statutory presumption").

Here, Defendant offered numerous letters from community members that detail his good character, his work to end violence in his community, and his caring and reliable nature. Moreover, while Defendant has a significant criminal history, he asserts that he "has exhibited good character since his release from prison in 2005" (ECF No. 27 at 6), which his letters of support and the witnesses who testified on his behalf confirm. Finally, although this Court's review of a motion for revocation of a release order is done *de novo*, the Court finds significant Magistrate Judge Pesto's assertion that Defendant's family is "exemplary," his references are "exemplary," and his community involvement is "unusual." (ECF No. 21 at 46.) The Court thus concludes that based on the record, Defendant has produced sufficient evidence to rebut the presumption of detention based on danger to the community.

### B. The Government's Burden of Persuasion

In spite of Defendant's rebuttal of the presumption of detention, as discussed above, this Court finds that the Government has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other individual and the

6

community.⁴ 18 U.S.C. § 3142(e), (f). The Court is guided to this conclusion based on an evaluation of the § 3142(g) factors.

The first factor the Court considers—the nature and circumstances of the offense charged—weighs in favor of Defendant's detention. One of the charged offenses here is possession with intent to distribute certain controlled substances. (*See* ECF No. 1.) Congress recognized the serious nature of this offense by creating a rebuttable presumption in favor of pretrial detention in cases involving this offense. *See* 18 U.S.C. § 3142(e)(3)(A); *Kulikowski*, 2015 WL 1445042, at *2. Moreover, the drug possession charge here is coupled with a charge of unlawful possession of a firearm in furtherance of drug trafficking. (*See* ECF No. 1.) The involvement of a stolen firearm increases the serious nature of the charged offense and the dangerousness of releasing Defendant pending trial. 18 U.S.C. § 3142(g)(1).

Moreover, although the record in this case contains no indication of previous drug use or drug trafficking by Defendant, Congress has found that in general:

> It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism.

S. Rep. No. 98-225, at 20 (1983).

Finally, in the Affidavit of Probable Cause submitted as an exhibit at the detention hearing, Trooper Marmol explains that Defendant admitted that he was responsible for the

---

⁴ Because the Court concludes that the Government has met its burden with regard to showing that Defendant is a danger to the community, the Court need not discuss whether the Government has met its burden with regard to Defendant's risk of flight.

7

vehicle. Considering that the vehicle contained the aforementioned firearm and drugs, the nature and circumstances of the charged offenses weigh in favor of detaining Defendant.

The second factor the Court considers—the weight of the evidence against Defendant—is neutral in terms of detention. The Government argues that the following evidence supports its request to detain Defendant: (1) the grand jury's indictment of Defendant; (2) Defendant's presence in the vehicle in which Trooper Marmol found a hidden compartment containing approximately three kilograms of methamphetamine-laced cocaine and a stolen handgun; and (3) Defendant's admission that he was responsible for the vehicle. (ECF No. 21 at 36; ECF No. 22 at 9.) While this evidence is certainly relevant, it took an experienced drug interdiction officer a long time to locate and remove the aftermarket compartment (ECF No. 21 at 5, 31), which supports Defendant's assertion that he, as a passenger in a borrowed vehicle, did not have knowledge of the compartment or its contents (*id.* at 5; ECF No. 27 at 4).

Moreover, upon questioning by Magistrate Judge Pesto, the Government revealed that it has no other evidence linking the firearm or compartment to Defendant and that the Government is not sure of the relationship between the owner of the vehicle and Defendant. (ECF No. 21 at 32, 44-45.) Finally, there is no evidence otherwise tying Defendant to illicit drug use or the illicit drug trade—nothing in his relatively extensive criminal history links him to drugs. Thus, the Court finds that both parties have put forth evidence supporting their positions as to Defendant's guilt or innocence, and consequently, the second factor is neutral in terms of detention.

The third factor—the history and characteristics of Defendant—weigh in favor detention. At the detention hearing, Defendant put forth strong evidence of his good character, his solid familial relationships and friendships, and his beneficial community involvement. However, the

8

Court cannot ignore Defendant's criminal history, particularly when it involves firearm possession, robbery, and assault. While these crimes took place many years ago and Defendant presented evidence that he learned from his mistakes, the fact that Defendant's criminal history and the charged offense both involved firearms weighs in favor of detaining Defendant.

The fourth factor—the nature and seriousness of the danger to the community—"requires the court to assess the totality of the evidence presented." *Santiago-Pagan*, 2009 WL 1106814, at *7. The Court finds that based on the instant offense's relationship to firearms and controlled substances and Defendant's criminal history involving firearms, Defendant poses a serious danger to the community if released.

### C. Conclusion

Accordingly, after carefully considering the circumstances in this case, the Court finds that the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of detention. The Government has put forth clear and convincing evidence that no conditions or combination of conditions would reasonably assure the safety of others were Defendant to be released before trial. Therefore, this Court **GRANTS** the Government's motion for revocation and **ORDERS** Defendant detained pending trial.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | Case No. 3:18-cr-24 |
|---|---|---|
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| JOHN T. TERRY, a/k/a TYREE TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 11th day of December, 2018, upon consideration of the Government's Motion for Revocation of Order of Release (ECF No. 22), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Government's Motion for Revocation of Order of Release (ECF No. 22) is **GRANTED**.

BY THE COURT

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE