IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. **18-24 J** |
| | ) | |
| JOHN T. TERRY | ) | **[UNDER SEAL]** |
| a/k/a "Tyree Terry" | ) | |
| GERALD TERRY | ) | |

**FIRST SUPERSEDING INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady,

United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr.,

Assistant United States Attorney for said district, and submits the following First Superseding

Indictment Memorandum to the Court:

I.   THE FIRST SUPERSEDING INDICTMENT

A federal grand jury returned a six-count First Superseding Indictment against the

above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 1 | Conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine, Schedule II controlled substances, on or about March 30, 2018, to on or about April 4, 2018. | 21 U.S.C. § 846 | JOHN T. TERRY GERALD TERRY |
| 2 | Possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine, | 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A)(viii) and 841(b)(1)(B)(ii) | JOHN T. TERRY GERALD TERRY |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| | Schedule II controlled substances, on or about April 4, 2018. | | |
| 3 | Unlawful possession of a firearm by a convicted felon, on or about April 4, 2018. | 18 U.S.C. § 922(g)(1) | JOHN T. TERRY |
| 4 | Unlawful possession of a firearm by a convicted felon, on or about April 4, 2018. | 18 U.S.C. § 922(g)(1) | GERALD TERRY |
| 5 | Unlawful possession of a firearm in furtherance of a drug trafficking crime, on or about April 4, 2018. | 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(C)(i) | JOHN T. TERRY |
| 6 | Unlawful possession of a firearm in furtherance of a drug trafficking crime, on or about April 4, 2018. | 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i) | GERALD TERRY |

## II. ELEMENTS OF THE OFFENSES

A.    As to Count One:

In order for the crime of conspiracy to distribute and to possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, and a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, to be established, the government must prove all of the following essential elements, beyond a reasonable doubt:

1.    That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2

2.      That each of the named defendants was a party or member of that agreement.

3.      That the named defendants joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that each of the named defendants and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4.      That methamphetamine and cocaine are Schedule II controlled substances.

> 21 C.F.R. § 1308.12d); United States v. Gori, 324 F.3d
> 234, 24 (3d Cir. 2003) and pursuant to 21 U.S.C. § 812(c), Schedule
> II(a)(4).

5.      That the mixture or substance containing a detectable amount of methamphetamine and cocaine was 500 grams or more.   21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C. § 841(b)(1)(B)(ii).

B.   As to Count Two:

In order for the crime of possession with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, and a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii), to be established, the government must prove all of the following essential elements, beyond a reasonable doubt:

1.      That on or about the date set forth, the defendants possessed with the intent to distribute the controlled substances charged in the First Superseding Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir.

3

1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.    That the defendants did so knowingly and intentionally.

United States v. Jewell, 532 F.2d 697, 699-700(9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.    That methamphetamine and cocaine are Schedule II controlled substances.

21 C.F.R. § 1308.12d); United States v. Gori, 324 F.3d 234, 24 (3d Cir. 2003) and pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4.    That the mixture or substance containing a detectable amount of methamphetamine and cocaine was 500 grams or more.   21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C. § 841(b)(1)(B)(ii).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

C.    As to Counts Three and Four:

In order for the crime of unlawful possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That each of the defendants has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2.    That after this conviction, each defendant knowingly possessed the firearm described in Count Three and/or Count Four of the First Superseding Indictment; and

3.    That each defendant's possession was in or affecting interstate or foreign commerce.

4

Third Circuit Model Criminal Jury Instruction 6.18.922G.

D.    As to Counts Five and Six:

In order for the crime of unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A) 924(c)(1)(A)(i) and 924(c)(1)(C)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That each of the defendants committed the crime as charged in each of Counts One and Two of the First Superseding Indictment; and

2.    That each of the defendants knowingly possessed a firearm in furtherance of this crime.

Third Circuit Model Criminal Jury Instruction 6.18.924A and 6.18.924B.

## III.  PENALTIES

A.    As to each of Counts One and Two:   Conspiracy to distribute and possession with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii)):

1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

2.    A fine not to exceed $10,000,000.

3.    A term of supervised release of at least five (5) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not less than fifteen (15) years to a maximum of life.

5

2.    A fine not to exceed $20,000,000.

3.    A term of supervised release of at least ten (10) years.

Conspiracy to distribute and possession with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine (21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii)):

1.    A term of imprisonment of not less than five (5) years to a maximum of 40 years.

2.    A fine not to exceed $5,000,000.

3.    A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

2.    A fine not to exceed $8,000,000.

3.    A term of supervised release of at least eight (8) years.

B.    As to each of Counts Three and Four:  Unlawful possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):

1.    A term of imprisonment of not more than ten (10) years.  However, if it is determined the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.    A term of supervised release of three (3) years (or five (5) years if 18 U.S.C.

6

§ 924(e) applies) (18 U.S.C. § 3583).

C.      As to each of Counts Five and Six:   Unlawful possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(A)(i), and 924(c)(1)(C)(i):

1.      A term of imprisonment of not less than five (5) years, nor more than life imprisonment.   Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the 18 U.S.C. § 924(c)(1).

> United States v. Gray, 260 F.3d 1267, 1281 (11th) Cir. 2001);
> United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.      A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

4.  In the case of a second or subsequent conviction under 18 U.S.C. § 924(c), the person shall be sentenced to a term of imprisonment of not less than 25 years.  (18 U.S.C. § 924(c)(1)(C)(i)).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed for each Count in the First Superseding Indictment for which each defendant is convicted, pursuant to 18 U.S.C. § 3013, as the offenses occurred after April 24, 1996.

## V.  RESTITUTION

Not applicable in this case.

7

## VI.  FORFEITURE

As set forth in the First Superseding Indictment, forfeiture may be applicable in this

case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

ARNOLD P. BERNARD, JR.
Assistant U.S. Attorney
PA ID No. 313734

8