IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:18-cr-24 |
| | ) | |
| JOHN T. TERRY, a/k/a "Tyree Terry" | ) | |

## **JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

AND NOW comes the United States of America, through its counsel, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Arnold P. Bernard, Jr., Assistant United States Attorney, and the defendant, JOHN T. TERRY, by and through his attorney, Sandra Thompson, Esquire, and, on behalf of the parties, respectfully submit these proposed joint jury instructions and verdict form:

**INSTRUCTIONS DURING TRIAL**

**2.13 Prior Conviction of Defendant Charged with Possession of a Firearm by a Convicted Felon (18 U.S.C.A. § 922(g))**

You have heard evidence through a stipulation that the defendant was convicted before this incident on or about June 2, 1998, at case number 97-CR-593-2 in the United States District Court for the Eastern District of Pennsylvania, of a crime punishable by imprisonment for a term exceeding one year and, that on the dates alleged in the superseding indictment, the defendant, John T. Terry, knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

This prior conviction has been brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year as set forth in the indictment, specifically, that the defendant had a prior conviction for a crime punishable by a term of imprisonment exceeding one year. You are not to speculate as to the nature of the conviction. You may not consider the prior conviction in deciding whether John T. Terry was in knowing possession of the gun that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime on April 4, 2018, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime and that the defendant committed it.

*Source*: Third Circuit Model Criminal Jury Instruction 2.13

**The parties agree to this proposed instruction.**

*IF APPLICABLE*

**2.18     Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))**

**<u>Alternative 1</u>** <u>*(to be given if the witness admits the bad act):*</u> **You have heard evidence that** *(name)***, a witness, committed** *(describe bad act inquired about during cross-examination)***. You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe** *(name)* **and how much weight to give** *(his)(her)* **testimony.**

**<u>Alternative 2</u>** <u>*(to be given if the witness denies the bad act):*</u> **You heard** *(name of lawyer)* **ask** *(name of witness)* **whether** *(he)(she)* **committed** *(describe bad act inquired about during cross-examination)***, and** *(he)(she)* **denied it. I remind you that questions by the lawyers are not evidence. It is the answer of the witness that provides evidence. There is therefore no evidence that** *(name of witness)* **committed** *(describe act)***.**

*Source*: Third Circuit Model Criminal Jury Instruction 2.18

**The parties agree to this proposed instruction.**

**2.19    Impeachment of Witness - Prior Conviction (F.R.E. 609)**

**You are about to hear evidence that** *(name)* **has previously been convicted of a** crime *(punishable by more than one year in jail)(involving dishonesty or false statement)*. **You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe** *(name)* **and how much weight to give to** *(name)'s* **testimony.**

*Source*: Third Circuit Model Criminal Jury Instruction 2.19

**The parties agree to this proposed instruction.**

*IF APPLICABLE* (If previous transcripts are referenced during trial)

**2.33    Previous Proceeding (Trial) of Defendant**

**You** *(will hear)*(*have heard)* **that there was a prior proceeding** *(trial)* **in this case. You should not, however, concern yourself with this fact.**

**Your verdict must be based solely on the evidence in the present trial in accordance with the Court's instructions without any regard to what may have occurred earlier.**

*Source*: Third Circuit Model Criminal Jury Instruction 2.33

**The parties agree to this proposed instruction.**

**2.37    Instructions Prior to Closing Arguments**

Members of the jury, you have heard and seen all the evidence in this case. The lawyers now have the opportunity to present their closing arguments. Under the Rules of Criminal Procedure, the government will argue first, then the defense will present its closing argument, and finally the government may, if it chooses, argue in response or in rebuttal to the defense's argument.

Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. Remember, what is said in closing arguments is not evidence. You have already heard and seen all the evidence in this case.

After the lawyers present their closing arguments, I will give you my final instructions concerning the law that you must apply to the evidence in reaching your verdict. Although the lawyers may mention points of law in their closing arguments, the law that you must follow in reaching your verdict is the law that I will give you in my final instructions. If there is any difference between what the lawyers say about the law and what I tell you in my final instructions, you must follow my instructions.

Source: Third Circuit Model Criminal Jury Instruction 2.37

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS: GENERAL**

**3.01    Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or

electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

*Source*: Third Circuit Model Criminal Jury Instruction 3.01

**The parties agree to this proposed instruction.**

**3.02    Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The superseding indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence, testimony, or exhibits for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

*Source*: Third Circuit Model Criminal Jury Instruction 3.02

**The parties agree to this proposed instruction.**

**3.03    Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial or indirect evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

*Source*: Third Circuit Model Criminal Jury Instruction 3.03

**The parties agree to this proposed instruction.**

**3.04     Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) How believable the witness' testimony was when considered with other evidence that

you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

*Source*: Third Circuit Model Criminal Jury Instruction 3.04

**The parties agree to this proposed instruction.**

**3.06          Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, John T. Terry, pleaded not guilty to the offenses charged. John T. Terry is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with John T. Terry unless and until the government has presented evidence that overcomes that presumption by convincing you that John T. Terry is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find John T. Terry not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that John T. Terry has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that John T. Terry is guilty and this burden stays with the government throughout the trial.

In order for you to find John T. Terry guilty of the offenses charged, the government must convince you that John T. Terry is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence,

or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

*Source*: Third Circuit Model Criminal Jury Instruction 3.06

**The parties agree to this proposed instruction.**

**3.07    Nature of the Indictment**

As you know, the defendant John T. Terry is charged in the indictment with violating federal law, specifically at Count One with conspiring to distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine, both Schedule II controlled substances; at Count Two possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine, both Schedule II controlled substances; at Count Three with possessing a firearm after previously having been convicted of a crime punishable by imprisonment for more than one year; and at Count Five with possessing a firearm in furtherance of a drug trafficking crime.  As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that John T. Terry has been indicted in making your decision in this case.

*Source*: Third Circuit Model Criminal Jury Instruction 3.07

**The parties agree to this proposed instruction.**

**3.08    On or About**

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

*Source*: Third Circuit Model Criminal Jury Instruction 3.08

**The parties agree to this proposed instruction.**

**3.16    Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find John T. Terry guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find John T. Terry not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved John T. Terry guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to

reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them

down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages.  Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

*Source*: Third Circuit Model Criminal Jury Instruction 3.16.

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS: CONSIDERATION OF PARTICULAR KINDS OF EVIDENCE**

**4.02    Stipulation of Fact**

The Government and the defendant*(s)* have agreed that *(set forth stipulated fact(s))* *(is)(are)* true. You should therefore treat *(this fact)(these facts)* as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

*Source*: Third Circuit Model Criminal Jury Instruction 4.02

**The parties agree to this proposed instruction.**

**4.08    Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Morgan Wiernusz and Kevin Kauffman.  Because of their knowledge, skill, experience, training, or education in the field of drug identification and firearm interstate nexus determination Forensic Scientist Wiernusz and Agent Kauffman were permitted to offer opinions in those fields and the reasons for those opinions.

The opinions these witnesses states should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that Forensic Scientist Wiernusz's or Agent Kauffman's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

*Source*: Third Circuit Model Criminal Jury Instruction 4.08

**The parties agree to this proposed instruction.**

*IF APPLICABLE*

**4.14    Specific Investigation Techniques Not Required**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as fingerprint analysis and DNA analysis.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.  However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to attempt to take fingerprints or offer fingerprint evidence, or to gather DNA evidence or offer DNA analysis.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

*Source*: Third Circuit Model Criminal Jury Instruction 4.14

**The Government requests this proposed instruction.**

**The Defendant objects to this proposed instruction.**

**4.18    Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

*Source*: Third Circuit Model Criminal Jury Instruction 4.18

**The parties agree to this proposed instruction.**

**4.19    Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses**

You have heard evidence that Robert Dillard is a cooperating witness and that he is someone who has made a plea agreement with the government.

His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea agreement in exchange for his testimony, but you should consider the testimony of Robert Dillard with great care and caution. In evaluating Robert Dillard's testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by the plea agreement is for you to determine. You may give his testimony such weight as you think it deserves.

You must not consider Robert Dillard's guilty plea as any evidence of John T. Terry's guilt. His decision to plead guilty was a personal decision about his own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that the defendant has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified. You may consider Robert Dillard's guilty plea only for these purposes.

*Source*: Third Circuit Model Criminal Jury Instruction 4.19

**The parties agree to this proposed instruction.**

**The Defendant further requests additional instruction as follows:** "I caution you that although you may consider this evidence in assessing the credibility and testimony of this witness, giving it such weight as you feel it deserves, you may not consider this evidence against the defendant on trial, nor may any inference be drawn against him by reason of this witness's

plea." **The Government objects to this additional language and submits that the model instruction should be used.**

*IF APPLICABLE*

**4.22    Impeachment of Witness - Prior Inconsistent Statement for Credibility Only**

**You have heard the testimony of certain witnesses** *(if only one witness was impeached with a prior inconsistent statement, include name of witness)***. You have also heard that before this trial** *(they)(he)(she)* **made** *(statements)(a statement)* **that may be different from** *(their)(his)(her)* **testimony in this trial. It is up to you to determine whether** *(these statements were)(this statement was)* **made and whether** *(they were)(it was)* **different from the witness***(es)***' testimony in this trial.** *(These earlier statements were)(This earlier statement was)* **brought to your attention only to help you decide whether to believe the witness***(es)***' testimony here at trial. You cannot use it as proof of the truth of what the witness***(es)* **said in the earlier statement***(s)***. You can only use it as one way of evaluating the witness***(es)***' testimony in this trial.**

*[You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were (describe condition satisfying Federal Rules of Evidence, Rule 801(d)(1)(A); e.g., made under oath, given before the grand jury) and that may be different from (his)(her) testimony at trial. When a statement is (describe condition; made under oath, made before the grand jury), you may not only use it to help you decide whether you believe the witness's testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s). But when a statement is (describe condition; e.g., not made under oath, not given before the grand jury), you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s).]*

*Source*: Third Circuit Model Criminal Jury Instruction 4.22

**The parties agree to this proposed instruction.**

*IF APPLICABLE*

**4.24    Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))**

You heard evidence that (name), a witness, committed (describe bad act inquired about during cross-examination).  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe (name) and how much weight to give (his)(her) testimony.

*Source*: Third Circuit Model Criminal Jury Instruction 4.24.

**The parties agree to this proposed instruction.**

*IF APPLICABLE*

**4.25    Impeachment of Witness - Prior Conviction (F.R.E. 609)**

You heard evidence that *(name)*, a witness, was previously convicted of a crime *(punishable by more than one year in jail)(involving dishonesty or false statement)*.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe *(name)* and how much weight to give to *(name)'s* testimony.


*Source:* Third Circuit Model Criminal Jury Instruction 4.25.

**The parties agree to this proposed instruction.**

*IF APPLICABLE*

**4.26    False in One, False in All (*Falsus in Uno, Falsus in Omnibus)***

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

*Source:* Third Circuit Model Criminal Jury Instruction 4.26.

**The Defendant requests this instruction, if applicable.**

**The Government reserves the right to object to this instruction, depending on the nature of the testimony presented.**

*IF APPLICABLE*

**4.27    Defendant's Choice not to Testify or Present Evidence**

John T. Terry did not testify in this case.  A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that John T. Terry did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that John T. Terry did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

*Source*: Third Circuit Model Criminal Jury Instruction 4.27.

**The parties agree to this proposed instruction.**

*IF APPLICABLE*

**4.28   Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, John T. Terry testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.


*Source:* Third Circuit Model Criminal Jury Instruction 4.28.

**The parties agree to this proposed instruction.**

**4.29    Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

You have heard testimony that the defendant (summarize the other act evidence).

This evidence of other act(s) was admitted only for (a) limited purpose(s).  You may consider this evidence only for the purpose of deciding whether the defendant (describe the precise purpose or purposes for which the other act evidence was admitted: for example (Pick those of the following, or other reasons, that apply)),

had the state of mind, knowledge, or intent necessary to commit the crime charged in the superseding indictment;

or

had a motive or the opportunity to commit the acts charged in the superseding indictment;

or

was preparing or planning to commit the acts charged in the superseding indictment;

or

acted with a method of operation as evidenced by a unique pattern (describe);

or

did not commit the acts for which the defendant is on trial by accident or mistake.;

or

is the person who committed the crime charged in the superseding indictment.  You may consider this evidence to help you decide (describe how the evidence will be used to prove identity – e.g., whether the evidence that the defendant committed the burglary in which the gun that is the subject of this trial was stolen makes it more likely that the defendant was the person who placed the gun in the trunk of the car).

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime(s) charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act(s), (he)(she) must also have committed the act(s) charged in the superseding indictment.

Remember that the defendant is on trial here only for (state the charges briefly), not for these other acts. Do not return a guilty verdict unless the government proves the crime(s) charged in the superseding indictment beyond a reasonable doubt.

*Source*: Third Circuit Model Criminal Jury Instruction 4.29.

**The Government requests this proposed instruction based upon its intent to provide Notice of Intent to Present 404(b) Evidence and to present said 404(b) evidence, if deemed admissible by the Court. The Defendant reserves the right to object to this instruction and/or its wording pending receipt and review of the Government's Notice of Intent to Present 404(b) Evidence and the Court's ruling on the admissibility of any 404(b) evidence.**

**.**

*IF APPLICABLE*

### 4.39    Defendant's Character Evidence

You have heard (reputation)(opinion)(reputation and opinion) evidence about whether the defendant has a character trait for (name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.).

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges beyond a reasonable doubt.

*Source*: Third Circuit Model Criminal Jury Instruction 4.39.

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS: ELEMENTS OF OFFENSES**

**6.21.846B   Controlled Substances – Conspiracy to Distribute and Possess with Intent to Distribute) (21 U.S.C. § 846)**

Count One of the superseding indictment charges that between on or about March 30, 2018 to on or about April 4, 2018, in the Western District of Pennsylvania and elsewhere, the defendant, John T. Terry and Gerald Terry, and others known to the grand jury, did knowingly, intentionally, and unlawfully conspire, confederate, and agree together and with one another to distribute and to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and a detectable amount of cocaine, both Schedule II controlled substances contrary to the provisions of Title 21, United States Code Sections 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(ii), in violation of Title 21, United States Code, Section 846.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find John T. Terry guilty of conspiracy to distribute and possess with the intent to distribute a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

First: That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

Second: That John T. Terry was a party to or member of that agreement; and

Third: That John T. Terry joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that that objective; that is, that John T. Terry and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that that objective.

*Source:* Third Circuit Model Criminal Jury Instruction 6.21.846B

**The parties agree to this proposed instruction.**

**6.18.371C      Conspiracy – Existence of an Agreement**

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of possession with intent to distribute a controlled substance.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not even required to prove that all the people named in the superseding indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common an unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371C

**The parties agree to this proposed instruction.**

**6.18.371D      Conspiracy – Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find John T. Terry guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that John T. Terry knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that John T. Terry knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that John T. Terry knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that John T. Terry played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether John T. Terry joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that John T. Terry only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that John T. Terry was a member of the conspiracy even if John T. Terry approved of what was happening or did not object to it. Likewise, evidence showing that John T. Terry may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that John T. Terry joined the conspiracy.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371D

**The parties agree to this proposed instruction.**

**6.18.371E      Conspiracy – Mental States**

In order to find John T. Terry guilty of conspiracy you must find that the government proved beyond a reasonable doubt that John T. Terry joined the conspiracy knowing of its objective and intending to help further or achieve that objective.  That is, the government must prove: (1) that John T. Terry knew of the objective or goal of the conspiracy, (2) that John T. Terry joined the conspiracy intending to help further or achieve that goal or objective, and (3) that John T. Terry and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including John T. Terry's words or conduct and other facts and circumstances, in deciding whether John T. Terry had the required knowledge and intent.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371E

**The parties agree to this proposed instruction.**

**6.18.371G      Conspiracy – Success Immaterial**

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find John T. Terry guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States.  Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371G

**The parties agree to this proposed instruction.**

**6.18.371K     Conspiracy – Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of John T. Terry, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against John T. Terry any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in John T. Terry's absence and without his knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371K

**The parties agree to this proposed instruction.**

**6.21.841C    Controlled Substances – Verdict Form with Special Interrogatories with Respect to Weight or Quantity involved in Conspiracy**

If you find John T. Terry guilty of the offense charged in Count One, you must answer some questions, called jury interrogatories, to decide whether the offense involved specific types of controlled substances and certain weights or quantities of controlled substances. Do not answer these jury interrogatories until after you have reached your verdict. If you find that the government has not proved John T. Terry guilty of the offense charged in Count One, then you do not need to answer the interrogatories.

If you find John T. Terry guilty, then in answering these interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved a particular type of controlled substances or controlled substance and a weight or quantity of controlled substances or a controlled substance, you must all be satisfied that the government proved the type of controlled substances or controlled substance and weight or quantity beyond a reasonable doubt. Weight or quantity means the total weight of any mixture or substance which contains a detectable amount of the controlled substances charged.

First Jury Interrogatory Number One relates to Count One and first asks whether you unanimously find beyond a reasonable doubt that the mixture and substance which was involved in the conspiracy was methamphetamine and cocaine, or cocaine. You are instructed to select only one answer. In making this decision, you should consider all controlled substances that the members of the conspiracy actually possessed with intent to distribute.

Once you answer the First Jury Interrogatory Regarding Count Number One, you must then answer the Second Jury Interrogatory Regarding Count Number One: whether you unanimously find beyond a reasonable doubt, that the weight or quantity of the mixture or substance involved in the conspiracy was 500 grams or more, or at least 50 grams but less than

500 grams, or less than 50 grams. You are instructed to select only one answer.

That completes the two jury interrogatories regarding Count Number One.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841C

**The parties agree to this proposed instruction.**

**6.21.841A      Controlled Substances – Possession with Intent to Distribute (21 U.S.C. § 841(a) & (b))**

Count Two of the superseding indictment charges that on or about April 4, 2018, in the Western District of Pennsylvania, John T. Terry, did knowingly, intentionally and unlawfully possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(ii).

In order to find John T. Terry guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

First:   That John T. Terry possessed a mixture or substance containing a controlled substance;

Second:  That John T. Terry possessed the controlled substance knowingly or intentionally;

Third:  That John T. Terry intended to distribute the controlled substance; and

Fourth:  That the controlled substance was methamphetamine and cocaine, or cocaine.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841A

**The parties agree to this proposed instruction.**

**6.21.841-1    Controlled Substances – Possession Defined**

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that John T. Terry physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within John T. Terry's control, he possessed it. If you find that John T. Terry either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in John T. Terry's physical possession - that is, that John T. Terry had the ability to take actual possession of the substance when John T. Terry wanted to do so - you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that John T. Terry had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Mere proximity to the controlled substance, or mere presence on the property where it is located, or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841-1

**The parties agree to this proposed instruction.**

**6.21.841-2      Controlled Substances – Distribute Defined**

To distribute, as used in the offenses charged, means to deliver or to transfer possession or control of a controlled substance from one person to another.

To distribute includes the sale of a controlled substance by one person to another, but does not require a sale.   Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841-2

**The parties agree to this proposed instruction.**

**6.21.841-3     Controlled Substances Offenses – Controlled Substance Defined**

You are instructed that, as a matter of law, cocaine and methamphetamine are controlled substances, that is a prohibited drug under federal drug abuse laws.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that John T. Terry possessed with the intent to distribute a mixture or substance containing methamphetamine and/or cocaine.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841-3

**The parties agree to this proposed instruction.**

**6.21.841-4     Controlled Substances Offenses – Knowingly or Intentionally Defined**

To act knowingly, as used in the offenses charged, means that John T. Terry was conscious and aware that he was engaged in the acts charged and knew of the surrounding facts and circumstances that make out the offenses.  Knowingly does not require that John T. Terry knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offenses charged, means to act deliberately and not by accident.  Intentionally does not require that John T. Terry intended to violate the law.

The phrase "knowingly or intentionally," as used in the offenses charged, requires the government to prove beyond a reasonable doubt either that

(1) John T. Terry knew that what he possessed with intent to distribute was a controlled substance under federal drug abuse laws, even if he did not know what substance it was, OR

(2) John T. Terry knew that the controlled substance was in fact a mixture and substance containing a detectable amount of methamphetamine and cocaine, or cocaine.

In addition, the government must prove beyond a reasonable doubt that the controlled substance was in fact methamphetamine and cocaine, or cocaine.

In deciding whether John T. Terry acted "knowingly or intentionally," you may consider evidence about what John T. Terry said, what John T. Terry did and failed to do, how John T. Terry acted, and all the other facts and circumstances shown by the evidence that may prove what was in John T Terry's mind at that time.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841-4

**The parties agree to this proposed instruction.**

**6.21.841-5 Controlled Substances – Intent to Distribute Defined**

In order to find John T. Terry guilty of possession of a controlled substance with intent to distribute, as charged in Count Two of the superseding indictment, you must find that the government proved beyond a reasonable doubt that John T. Terry intended to distribute a mixture or substance containing a controlled substance. To find that John T. Terry had the intent to distribute, you must find that John T. Terry had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether John T. Terry had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including John T. Terry's words and actions. In determining John T. Terry's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841-5

**The parties agree to this proposed instruction.**

**6.21.841C   Controlled Substances – Verdict Form with Special Interrogatories with Respect to Weight or Quantity of Controlled Substance**

If you find John T. Terry guilty of the offense charged in Count Two, you must answer some questions, called jury interrogatories, to decide whether the offense involved specific types of controlled substances and certain weights or quantities of controlled substances.  Do not answer these jury interrogatories until after you have reached your verdict.  If you find that the government has not proved John T. Terry guilty of the offense charged in Count Two, then you do not need to answer the interrogatories.

If you find John T. Terry guilty, then in answering these interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved a particular type of controlled substances or controlled substance and a weight or quantity of controlled substances or a controlled substance, you must all be satisfied that the government proved the type of controlled substances or controlled substance and weight or quantity beyond a reasonable doubt.  Weight or quantity means the total weight of any mixture or substance which contains a detectable amount of the controlled substances charged.

First Jury Interrogatory Regarding Count Number Two relates to Count Two and asks whether you unanimously find beyond a reasonable doubt that the mixture or substance the defendant possessed with the intent to distribute contained a detectable amount of methamphetamine and cocaine, or cocaine.  You are instructed to select only one answer.

Once you answer the First Jury Interrogatory Regarding Count Number Two, you must then answer the Second Jury Interrogatory Regarding Count Number Two: whether you unanimously find beyond a reasonable doubt, that the weight of the mixture or substance the defendant possessed with the intent to distribute was 500 grams or more, or at least 50 grams but less than 500 grams, or less than 50 grams.  You are instructed to select only one answer.

That completes the two jury interrogatories regarding Count Number One.


*Source:* Third Circuit Model Criminal Jury Instruction 6.18.841C

**The parties agree to this proposed instruction.**

**6.18.922G    Felon In Possession of Firearm (18 U.S.C. § 922(g)) (non-bifurcated proceeding)**

Count Three of the superseding indictment charges the defendant John T. Terry with being a person convicted of a crime punishable by imprisonment for a term exceeding one year in possession of a firearm, which is a violation of federal law. In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That John T. Terry has been convicted of a crime punishable by imprisonment for a term exceeding one year, and that John T. Terry knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Second: That after this conviction, John T. Terry knowingly possessed the firearm described in Count Three of the superseding indictment; and

Third: That John T. Terry's possession was in or affecting interstate or foreign commerce.


*Source*: Third Circuit Model Criminal Jury Instruction 6.18.922G.

**If the trial is not bifurcated, the parties agree to this proposed instruction.**

**If the trial is bifurcated, the Defendant proposes Model Criminal Jury Instruction 6.18.922G-1 – Felon in Possession of Firearm (18 U.S.C. § 922(g)) (bifurcated proceeding).**

**In the event the trial is bifurcated, the Government reserves the right to review the proposed language of the Defendant's proposed instruction and object to it, if deemed appropriate.**

**6.18.922G-2   Proof of Prior Conviction**

In order to find the defendant guilty of the offense at Count Three, you must find that the government proved beyond a reasonable doubt that, before the date John T. Terry is charged with possessing the firearm, John T. Terry had been convicted of a crime punishable by imprisonment for a term exceeding one year, and that at the time that John T. Terry possessed the firearm, John T. Terry knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated that John T. Terry was convicted of a crime in federal court and that this crime was punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this conviction occurred prior to the time that John T. Terry is alleged to have possessed the firearm charged in the indictment and that John T. Terry knew when he is alleged to have possessed this firearm that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

*Source*: Third Circuit Model Criminal Jury Instruction 6.18.922G-2.

**The parties agree to this proposed instruction.**

### 6.18.922A-2   Firearm Offenses - Firearm Defined

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.

*Source*: Third Circuit Model Criminal Jury Instruction 6.18.922A-2

**The parties agree to this proposed instruction.**

**6.18.922G-4   Firearm Offenses - Knowing Possession Defined**

To establish the second element of the offense, the government must prove that John T. Terry possessed the firearm listed in the superseding indictment.  To "possess" means to have something within a person's control.  The government does not have to prove that John T. Terry physically held the firearm, that is, had actual possession of it.  As long as the firearm was within John T. Terry's control, he possessed it.  If you find that John T. Terry either had actual possession of a firearm or had the power and intention to exercise control over it, even though it was not in John T. Terry's physical possession - that is, that John T. Terry had the ability to take actual possession of the object when John T. Terry wanted to do so - you may find that the government has proven possession.  Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint.  If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession.  If you find that John T. Terry had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Mere proximity to a firearm or mere presence on the property where it is located or mere association with the person who does control a firearm or the property, is insufficient to support a finding of possession.

Proof of ownership of a firearm is not required.

The government must prove that John T. Terry knowingly possessed a firearm described in the superseding indictment.  This means that John T. Terry possessed a firearm purposely and voluntarily, and not by accident or mistake.  It also means that John T. Terry knew the object was a firearm.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.922G-4.

**The parties agree to this proposed instruction.**

**6.18.922G-5   Firearm Offenses - In or Affecting Interstate or Foreign Commerce Defined**

The third element that the government must prove beyond a reasonable doubt is that the firearm specified in the superseding indictment was in or affecting interstate or foreign commerce. This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate or foreign commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the superseding indictment, the firearm crossed a state line or the United States border.  The government does not need to prove that John T. Terry himself carried it across a state line or the border, or to prove who carried it across or how it was transported.  It is also not necessary for the government to prove that John T. Terry knew that the firearm had traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state than the state where John T. Terry is charged with possessing it.  You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

*Source*: Third Circuit Model Criminal Jury Instruction 6.18.922G-5.

**The parties agree to this proposed instruction.**

**6.18.924A** **Possession of a Firearm in Furtherance of Crime of Violence or Drug Trafficking Crime (18 U.S.C. § 924(c)(1))**

Count Five of the indictment charges John T. Terry with possessing a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The offense alleged in Count Two is a drug trafficking crime.

In order to find John T. Terry guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First: That John T. Terry committed the crime of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine as charged in Count Two of the indictment; and

Second: That John T. Terry knowingly possessed a firearm in furtherance of this crime. If you find John T. Terry possessed the firearm, you must consider whether the possession was in furtherance of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine

*Source*: Third Circuit Model Criminal Jury Instruction 6.18.924A.

**The parties agree to this proposed instruction.**

**6.18.924A-1  "In Furtherance of" Defined**

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help you determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. whether the defendant possesses the firearm legally or illegally;

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

*Source*: Third Circuit Model Criminal Jury Instruction 6.18.924A.

**The parties agree to this proposed instruction.**

**7.03    Responsibility For Substantive Offenses Committed By Co-Conspirators
(*Pinkerton* Liability)**

Count Two of the superseding indictment charges that on or about April 4, 2018, in the Western District of Pennsylvania, John T. Terry did knowingly, intentionally and unlawfully possess with the intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, and a detectable amount of cocaine, both Schedule II controlled substances.

Count Five of the superseding indictment charges that on or about April 4, 2018, in the Western District of Pennsylvania, John T. Terry knowingly and unlawfully did possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States.

The government may prove John T. Terry guilty of these offenses by proving that John T. Terry personally committed them.  The government may also prove John T. Terry guilty of these offenses based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to John T. Terry as a necessary or natural consequence of the agreement.  In other words, under certain circumstances the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find John T. Terry guilty of possession with intent to distribute a controlled substance charged in Count Two and/or possession of a firearm in furtherance of a drug trafficking crime charged in Count Five based on this legal rule, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements:

First: That John T. Terry was a member of the conspiracy charged in the superseding indictment;

Second: That while John T. Terry was still a member of the conspiracy, one or more of the other members of the conspiracy committed the offense charged in Count Two and/or Count Five, by committing each of the elements of that offense, as I explained those elements to you in these instructions. However, the other members of the conspiracy need not have been found guilty of or even charged with the offenses, as long as you find that the government proved beyond a reasonable doubt that the other members committed the offenses.

Third: That the other member of the conspiracy committed this offense within the scope of the unlawful agreement and to help further or achieve the objective of the conspiracy; and

Fourth: That this offense was reasonably foreseeable to or reasonably anticipated by John T. Terry as a necessary or natural consequence of the unlawful agreement.

The government does not have to prove that John T. Terry specifically agreed or knew that this offense would be committed. However, the government must prove that the offense was reasonably foreseeable to John T. Terry, as a member of the conspiracy, and within the scope of the agreement as John T. Terry understood it.

*Source:* Third Circuit Model Criminal Jury Instruction 7.03

**The parties agree to this proposed instruction.**

**VERDICT SLIP**

<u>VERDICT FORM WITH SPECIAL INTEROGATORIES</u>

1.  <u>Count No. One (Conspiracy to Distribute or Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine):</u>

    _____ Guilty

    _____ Not Guilty

If you find the defendant not guilty of Conspiracy to Distribute or Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine, as charged in Count One, please proceed to the next count; do not answer the two interrogatories below. If you find the defendant guilty of Conspiracy to Distribute or Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine, as charged in Count One, please answer the following two jury interrogatories before proceeding to the next count.

<u>First Jury Interrogatory Regarding Count No. One (Conspiracy to Distribute or Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine):</u>

We the jury unanimously find that the government proved beyond a reasonable doubt that the mixture or substance involved in the conspiracy was (choose only one response):

_____ Methamphetamine and Cocaine

_____ Cocaine

<u>Second Jury Interrogatory Regarding Count No. One (Conspiracy to Distribute or Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine):</u>

We the jury unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance involved in the conspiracy was (choose only one response):

_____ 500 grams or more

_____ At least 50 grams but less than 500 grams

_____ Less than 50 grams

2. <u>Count No. Two (Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine):</u>

_____ Guilty

_____ Not Guilty

If you find the defendant not guilty of Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine, as charged in Count Two, please proceed to the next count; do not answer the two interrogatories below. If you find the defendant guilty of Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine, as charged in Count Two, please answer the following two jury interrogatories before proceeding to the next count:

First Jury Interrogatory Regarding Count No. Two (Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine):

We the jury unanimously find that the government proved beyond a reasonable doubt that the mixture or substance the defendant possessed with the intent to distribute contained a detectable amount of (choose only one response):

_____ Methamphetamine and Cocaine

_____ Cocaine

Second Jury Interrogatory Regarding Count No. Count No. Two (Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Cocaine):

We the jury unanimously find that the government proved beyond a reasonable doubt that the weight of the mixture or substance the defendant possessed with the intent to distribute was (choose only one response):

_____ 500 grams or more

_____ At least 50 grams but less than 500 grams

_____ Less than 50 grams

3.       <u>Count No. Three (Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)</u>:

_____ Guilty

_____ Not Guilty

4.       <u>Count No. Five (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)</u>:

_____ Guilty

_____ Not Guilty

SO SAID BY ALL THIS _____ day of _____, 2021.

JURY FOREPERSON:      _____

JURORS:      _____      _____

_____      _____      _____

_____      _____      _____

_____      _____      _____

**FORFEITURE INSTRUCTIONS/SPECIAL VERDICT SLIP**

**(*IF APPLICABLE*)**

**6.21.853    Criminal Forfeiture of Property (21 U.S.C. § 853)**

*[If the indictment contains notice that the government will seek forfeiture of property as part of sentencing in accordance with 21 U.S.C. § 853 and, if a party requests a jury determination under Fed. R. Crim . P. 32.2(b)(4) that the property is subject to forfeiture, the trial court should instruct the jury regarding this matter at three points during the trial proceedings.*

*First: When the court instructs the jury at the end of trial with respect to its deliberations and the trial verdict, the court should alert the jury that:*

**Depending on the verdict you reach, there may be a brief additional proceeding after you have returned your verdict.**

*Second: If the jury has returned a guilty verdict, at the outset of the forfeiture proceeding before the jury, the trial court should explain preliminarily the nature and purpose of the forfeiture proceeding that is about to take place, as follows:*

**You have found John T. Terry guilty of** (state the offense(s))**, as charged in Count**(s) (no.) **of the superseding indictment. You will now need to consider a further question regarding property that the superseding indictment alleges is subject to forfeiture by John T. Terry to the government. Forfeiture means that John T. Terry would lose any ownership or interest he has or claims to have in the specified property, as a part of the penalty for engaging in criminal activity. After the parties have presented any additional evidence on this subject, I will instruct you further on the law with respect to forfeiture. In considering whether the property is subject to forfeiture, you should consider the evidence you have already heard and any additional evidence presented by the parties. You should evaluate that evidence and its credibility as I explained to you earlier in my instructions.**

*Third: At the end of the forfeiture proceeding, the trial court should give the instruction below.]*

**You have found John T. Terry guilty of** *(state the offense(s))***, as charged in Count**(s) *(No.)* **of the superseding indictment. You now need to consider a special verdict concerning property that the superseding indictment alleges is subject to forfeiture by John T. Terry to the government. Forfeiture means that John T. Terry would lose any ownership or interest he has or claims to have in the specified property, as a part of the penalty for engaging in criminal activity. I instruct you that you are bound by your previous finding that John T. Terry is guilty of** *(state the offense(s))***.**

**Under federal law, any person convicted of** *(state the offense(s))* **shall forfeit to the government any property that is the proceeds of the offense, any property that was derived from the proceeds of the offense, and any property that was used or was intended to be used to commit or to facilitate the commission of the offense. In deciding whether property is subject to forfeiture, you should not concern yourself with or consider whether any other person may own or have an interest in the property. I will resolve any such claims. Similarly, you are not to consider whether the property is presently available. Your only concern is whether the government has proven the required connection between the property and the offense**(s) **for which you have found John T. Terry guilty.**

**Count** *(no.)* **allege**(s) **that** *(describe the particular property alleged to be subject to forfeiture)* **should be forfeited because of the connection between this property and John T. Terry's commission of** *(state offense(s) asserted as the basis for forfeiture)***.** *[Describe as to each count for which there has been a conviction, the specific property alleged to be subject to forfeiture.]* **This property is subject to forfeiture if you find that the government has proved by a preponderance of the evidence either:**

**First: That the property is or was derived from any proceeds John T. Terry obtained, directly or indirectly, as a result of the offense**(s)** for which you have found him guilty; or**

**Second: That the property was used, or was intended to be used, in any manner or part, to commit or to facilitate the commission of an offense**(s)** for which you have found John T. Terry guilty.**

**Property that "was used, or was intended to be used, in any manner or part, to commit or to facilitate the commission of an offense" means property that makes the commission of the offense easier or which is used to assist in the commission of the offense. Property that was used or was intended to be used to commit or facilitate the offense is subject to forfeiture even if only a portion of it was so used, or if it was also used for other purposes.**

**You may, but you are not required to, find that the property is subject to forfeiture if you find that the government established by a preponderance of the evidence: (1) that the property was acquired by John T. Terry during the time period when John T. Terry was committing the offense**(s)** for which you have found him guilty, or within a reasonable time after the commission of that** *(those)* **offense**(s)**, and (2) that there was no likely source for the property other than the offense**(s)** for which you have found** *(name)* **guilty.**

**Preponderance of the evidence is a lower standard than proof beyond a reasonable doubt, which is the standard you applied in your previous deliberations. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. If you put the credible evidence that is favorable to government and the credible evidence that is favorable to John T. Terry on opposite sides of a scale, the scale would have to tip somewhat on the government's side in order for you to find that the property is subject to**

forfeiture.  However, if the scale tips in favor of John T. Terry, or if the credible evidence appears to be equally balanced, or if you cannot say on which side the credible evidence is weightier, then you must find that the property is not subject to forfeiture.

In making this determination, you should consider all of the evidence presented on the subject during this proceeding and during the trial, regardless of who offered it.  All of my previous instructions continue to apply, and you should evaluate the evidence and its credibility according to the instructions I gave you earlier.

A Special Verdict Form has been prepared for your use.  With respect to each item of property, you are asked to decide whether it is subject to forfeiture to the government, based on the reasons I have explained to you.  Your decision must be unanimous.  Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

Filed on: November 20, 2021

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

*/s/ Arnold P. Bernard, Jr.*
ARNOLD P. BERNARD, JR.
Assistant U.S. Attorney
PA I.D. No. 313734

*/s/ Sandra Thompson*
SANDRA THOMPSON
Counsel for the Defendant