| UNITED STATES OF AMERICA | : Criminal No. 3:18-cr-00024-KRG |
| | : |
| v. | : |
| | : |
| JOHN T. TERRY (aka "Tyree Terry"), | : |
| Defendant | : J. Gibson |

**DEFENDANT'S OMNIBUS POST-TRIAL MOTION FOR JUDGMENT OF ACQUITTAL AND/OR MOTION FOR A NEW TRIAL**

HERE COMES, the Defendant, John T. Terry (hereafter "Mr. Terry"), by his attorney, Sandra Thompson, Esq., who respectfully moves this Honorable Court under Fed.R.Crim.P. 29(c) to grant judgment of acquittal and/or under Fed.R.Crim.P. 33(a), (b)(2), to grant a new trial and, in support thereof, avers the following:

## I.     MOTION FOR JUDGMENT OF ACQUITTAL

1. From August 22, 2022 through August 26, 2022, a criminal trial was held for Defendant in two Phases, pursuant to the March 14, 2022 Memorandum Opinion and Order, Doc 190.

2. The first phase was a trial by jury.

3. On August 25, 2022, during the first Phase of Defendant's criminal, the jury issued a guilty verdict against Defendant on the  Superseding Indictment, Doc 72, for Count 1- Conspiracy to distribute and to possess with intent to deliver 500 grams of a mixture and substance containing a detectable

1

amount of methamphetamine and cocaine, 21 U.S.C. § 846, and for Count 2-Possess with intent to deliver 500 grams of a mixture and substance containing a detectable amount of methamphetamine and/or cocaine, 21 U.S.C. §§ 841(a)(l).

4. On August 26, 2022, after Defendant waived a jury trial for the second Phase of the trial, pursuant to a bench trial, this Honorable Court issued a guilty verdict on Count 3- Unlawful-possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(l), and on Count 5- Unlawful possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(l)(A).

5. To prove the Counts 1 and 2 beyond a reasonable doubt, the Government was required, but failed, to present substantial evidence that Defendant "knowingly" possessed a controlled substance, was aware of the illegal object of the conspiracy, and knew of the commission of the substantive offense and acted with the intent to facilitate it. United States v. Wexler, 838 F.2d 88, 92 (3d Cir. 1988); See Also, United States v. Tereselich, 885 F.2d 1094, 1099 (3d Cir. 1989).

6. The Government failed to present sufficient evidence beyond a reasonable doubt that Defendant was a participant in a conspiracy and that Defendant: (1) a shared unity of purpose; (2) an intent to achieve a common illegal goal; and (3) an agreement to work toward that goal. See, United States v.

Mastrangelo, 172 F.3d 288, 291 (3d Cir.1999); United States v. Coleman, 811 F.2d 804, 808 (3d Cir.1987).

7. Government failed to present such sufficient evidence beyond a reasonable doubt of Defendant's direct knowledge of a conspiracy and of the factors outlined in paragraphs 5 and 6 above.

8. For Counts 3 and 5, the Government failed to present substantive evidence that Defendant constructively possessed the firearm found in the hidden compartment, when the Government failed to provide substantive evidence that Defendant acted knowingly with both the power and the intention at a given time to exercise dominion or control over the firearm, either directly or through another person or persons. See, United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992)(*citations omitted*).

9. For Count 5, the Government failed to present substantive evidence to prove beyond a reasonable doubt that Defendant possessed the firearm and that he possessed it "in furtherance of" drug activity. See, United States v. Loney, 219 F.3d 281, 287 (3d Cir.2000) (the possession must be 'in furtherance of' the [underlying] offense. By making this distinction, Congress may well have intended 'in furtherance' to impose a more stringent standard than 'in relation to.').

10. For Count 5, at best, the Government showed that the firearm was in relation to the drugs, not in furtherance of drug activity. Id.

11. The Government lacked sufficient evidence to prove any of the charges within the superseding indictment against Defendant, as the Government's evidence included Government agents' intentional and/or knowingly and willingly false statements to a grand jury that Defendant made admissions of knowledge and responsibility for the hidden compartment, the drugs, and the firearm that were never made by Defendant and such evidence is so tenuous that Defendant's conviction is shocking. See, United States v. Avants, 367 F.3d 433, 449 (5th Cir.2004).

12. The Government failed to present credible evidence that was sufficient to prove each charge beyond a reasonable doubt whereas:

   A. The PA State Police Marmol and FBI Agent Simpson presented false testimony:
   B. There was no evidence of communication between Defendant and the cooperating witness and the cooperating witness' statements were uncorroborated;
   C. There was no evidence that Defendant was a courier before;
   D. Prosecution's witnesses are unworthy of belief; and
   E. There were no fingerprints, DNA, or other corroborating evidence.

13. No rational, unbiased juror would have found that the Government had proved each charge against Defendant beyond a reasonable doubt, nor would he have given weight and credence to the Government's evidence.

4

14. In its closing, in violation to Defendant's established rights to due process and a fair trial, the Government improperly argued for the jury to consider Trooper Marmol and Agent Simpson's employment, occupation, and position in life as law enforcement officers, to which the jury obviously improperly weighed and credited to disregard their prior false testimony.

15. As such, the jury's verdict of guilt in Counts 1 and 2, and the determination that Defendant knew or was involved in a conspiracy was irrational and based on suspicion or conjecture and/or bias and/or ill will against Defendant and a propensity to believe law enforcement, influenced by the Trooper Marmol and Agent Simpson's employment, occupation and/or position in life.

16. In its closing, in violation to Defendant's established rights to due process and a fair trial, in an effort to bolster Agent Simpson's testimony and the authenticity of Government exhibits 31 through 34 and their subdivisions, the Government improperly argued that the jury could view and inspect the Government's exhibits 22, 24-26 that were discs entered into evidence over Defendant's objections limited to chain of custody purposes.

17. Defendant maintains his innocence and believes that he would have been acquitted on each charge, but for the trial errors and jury bias.

18. Defendant requests additional time to submit a more extensive legal memorandum addressing the various issues that are raised in this post-trial motion once the trial transcript[1] is received. In the meantime, the Defendant makes this motion to preserve the issues for review by this Court through post-trial motions.

WHEREFORE, Mr. Terry, Defendant, does hereby respectfully request that this Honorable Court would grant this motion and would:

1- Allow a minimum of forty-five days to amend this post-trial motion to allow time to receive and review the trial transcript; and
2- For each count, set aside the verdict and enter an acquittal as judgment.

## II.     MOTION FOR A NEW TRIAL

19. Paragraphs 1 through 18 are incorporated herein as if stated in full.

20. The interest of justice requires granting Defendant a new trial, if his motion for judgment of acquittal is not granted for each charge. See, Rule 33(a).

21. The Government may not use false testimony to obtain a conviction. See Napue v. Illinois, 360 U.S. 264, 269 (1959). Napue "prohibits the prosecution from using false testimony to obtain a conviction and from allowing such testimony, even if unsolicited, 'to go uncorrected when it appears.'" Melville v. United States, 457 Fed.Appx. 522, 527 (6th Cir. 2012)

---

[1] Defendant filed a Transcript request today requesting production in thirty (30) days, due to the anticipated cost.

(*quoting* <u>Napue</u>, 360 U.S. at 269). Under <u>Napue</u>, "a new trial is required if the false testimony could in any reasonable likelihood have affected the judgment of the jury." <u>In re Jackson</u>, 12 F.4th 604, 611 (6th Cir. 2021) (citation omitted).

22. Defendant believes that he was denied due process and a fair trial, because there was juror bias, misconduct and/or collusion that contributed to his guilty verdict, in that on August 26, 2022, hours after the jurors were dismissed, Defendant's family observed three jurors[2] approaching the courthouse with flowers, but upon seeing the family, the jurors continued to walk past the courthouse.

WHEREFORE, Mr. Terry, Defendant, does hereby respectfully request that this Honorable Court would grant this motion and would:

1- Allow a minimum of forty-five days to amend this post-trial motion to allow time to receive and review the trial transcript; and
2- Set aside the verdict for each count and grant a new trial.

DATED: September 8, 2022          Respectfully Submitted:

/s/ <u>Sandra Thompson</u>
Sandra Thompson, Esq. PA I.D. 84345
Law Office of Sandra Thompson, LLC
351 E. Princess St., P.O. Box 1901
York, PA 17405
Telephone/Fax: 215-987-3650
Email: sthompsonLLC@gmail.com

---

[2] The jurors were believed to have been seated in the first, seventh, and ninth positions in the jury box.

## PROOF OF SERVICE

I, Sandra Thompson, Esq., do hereby certify that the Government was served with a true and correct copy of the Defendant's Motion For Judgment Of Acquittal and/or Motion For A New Trial pursuant to LCvR 5.6 by electronic means to the extent and in the manner authorized by the Standing Order regarding Electronic Case Filing Policies and Procedures and the ECF User Manual as follows:

Arnold P. Bernard, Jr., A.U.S. A

United States Attorney's Office
Suite 200 - Penn Traffic Building
319 Washington Street
Johnstown, PA 15901

Email: Arnold.bernard@usdoj.gov

DATED: September 8, 2022          Respectfully Submitted:

/s/ Sandra Thompson
Sandra Thompson, Esq. PA I.D. 84345
Law Office of Sandra Thompson, LLC
351 E. Princess St., P.O. Box 1901
York, PA 17405
Telephone/Fax: 215-987-3650
Email: sthompsonLLC@gmail.com