IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA,
                    Plaintiff,

                                        Criminal Action
          vs                            No. 18-24
                                        (DAY 1 - VOLUME 2)
JOHN T. TERRY,
                    Defendant.


_____

          Transcript of Preliminary Jury Charge proceedings
held on Monday, August 22, 2022, United States District Court,
Johnstown, Pennsylvania, before the Honorable Kim R. Gibson,
U.S. District Court Senior Judge.


APPEARANCES:

For the Government:          ARNOLD P. BERNARD, JR., Esq.
                             MAUREEN SHEEHAN-BALCHON, Esq.
                             U.S. Attorney's Office
                             319 Washington Street, Suite 200
                             Johnstown, PA  15901
                             arnold.bernard@usdoj.gov
                             Maureen.Sheehan-Balchon@usdoj.gov



For the Defendant:           SANDRA THOMPSON, Esq.
                             351 E. Princess Street
                             P.O. Box 1902
                             York, PA  17405
                             sthompsonLLC@gmail.com



Court Reporter:    Shirley Hall, RDR, CRR
                   U.S. Courthouse, Suite 204
                   Penn Traffic Building
                   319 Washington Street
                   Johnstown, PA  15901
                   shirleyhall_uscra@yahoo.com


Proceedings recorded by digital stenography; transcript
produced by computer-aided transcription.

P R O C E E D I N G S

(Luncheon recess taken from 3:22 to 4:00.)

(In open court with Defendant and jury seated.)

THE COURT:  Please be seated.  Thank you for being back in a timely manner.  I apologize for the rather brief time you had to go get something to eat.  The rest of the week my plan is that you'll have a full hour.  Today that didn't work out as intended.

So, I now need to give you your initial instructions as jurors.  I warn you ahead of time that this is something I read to you.  It's not like the attorneys who will get up and talk to you and not necessarily read to you.  I know whenever you're read to, it's harder to concentrate and stay alert.  But I have to make sure the instructions are accurate, so please bear with me.

It will probably take 35 to 40 minutes.  When we're done with this, we will be done for the day and you'll be recessed and come back in the morning.  Okay?

Now that you've been selected and sworn as the jury in this case, let me tell you what your role is as jurors.  Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From that evidence that you will hear and see in

court, you will decide what the facts are and then apply to those facts the law that I give to you in my final instructions and in these instructions. That is how you will reach your verdict. Whatever your verdict, it will have to be unanimous. All of you have to agree on it or there will be no verdict.

In the jury room and the jury assembly room, you will discuss the case among yourselves; but, ultimately, each of you will have to make up his or her own mind. Therefore, each of you has a responsibility that you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be. You must follow the law that is given to you whether you agree with it or not. Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

You should also not be influenced by any person's

race, color, religion, national ancestry, gender, economic circumstances, or position in life or in the community.

Here are some important rules about your conduct as jurors. One, keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence and I have given final instructions about the law at the end of the trial and you have discussed the case with your fellow jurors during your deliberations.

Two, do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the entire trial. During the trial you may talk with your fellow jurors about anything else of a personal nature or of a common interest.

Three, during the trial you should not speak to any of the parties, lawyers, or witnesses involved in the case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall or on the street or the like, remember it is because they are not supposed to talk or visit with you.

Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice.

If anyone should try to talk to you about the case during the trial, please report that to me through my courtroom staff immediately. Do not discuss this situation with any other juror.

Five, do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in this case, and you may tell them how long the trial is expected to last. However, you should also tell them that the judge has instructed you not to talk anymore about the case and that they should not talk to you about it.

The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in this courtroom.

Six, until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case or read any news or Internet stories or articles about the case or about anyone involved with it.

Seven, do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal uses but may not be used to obtain or disclose information about this case.

You may not communicate with anyone about the case on

your cellphone, through email, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any Internet chat room or by means of any other social networking websites including Google, Facebook, Myspace, LinkedIn, and YouTube. You may not use any similar technology or social media even if I have not specifically mentioned it.

Eight, do not use any research or make any investigation on your own about any matters related to this case or this type of case. This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the Internet, websites or blogs for additional information or use a computer, cellular phone or other electronic device or tool of technology or any other method to obtain information about this case, this type of case, and the parties in this case, or anyone else involved in the case.

Please do not try to find out information from any source outside the confines of this courtroom. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you to try to supplement that information on your own.

Nine, finally, you should not concern yourselves with or consider the possible punishment that may be imposed if you return a verdict of guilty.

During the trial, it may be necessary for me to talk

with lawyers out of your hearing. That is called a bench or side bar conference. If that happens, please be patient. We also ask that you advise me through my courtroom deputy if you are able to hear any of the bench or side bar conferences because the purpose is to hold these discussions outside the hearing of the jury for important reasons.

I know you may be curious about what we are discussing. We are not trying to keep important information from you. These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that the evidence is presented to you correctly under the Rules of Evidence. We will, of course, do what we can to keep the number and the length of these conferences to a minimum. If I think the conference will be long, I may call a recess.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

Note-taking by jurors. At the end of the case you must make your decision based on what you remember of the evidence. You will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. My law clerks, Mr. Feldman and Mr. Keys,

have arranged for pens, pencils and paper. If you do take notes, please keep them to yourself until the end of the trial when you and your fellow jurors go to the jury room to decide the case.

Here are some other specific points to keep in mind about note-taking. One, note-taking is permitted, but it is not required. You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

Two, please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.

You cannot write down everything that is said, and there is always a concern that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

Three, your notes are memory aids. They are not evidence. Notes are not a record or written transcript of the trial. Whether or not you take notes, you will need to rely on your own memory and what was said. Notes are only to assist your memory. Your notes should not overly influence you.

Four, in your deliberations do not give any more or less weight to the views of a fellow juror just because that

juror did or did not take notes. Do not assume that just because something is in someone's notes that it necessarily took place in court. It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly or correctly. Notes are not entitled to any greater weight than each juror's independent memory of the evidence.

You should not rely on your individual and collective -- strike that. You should rely on your individual and collective memories when you deliberate and reach your verdict.

Five, you should not take your notes away from court. I repeat, at the end of each day please leave your notes in the jury room. At the conclusion of the case, after you have used the notes in deliberations, a court officer will collect and destroy them to protect the secrecy of your deliberations.

Only the lawyers and I are permitted to ask questions of witnesses. You are not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

The trial will proceed in the following manner. First, the lawyers will have an opportunity to make opening statements to you. I'll note at this point that opening statements will occur tomorrow morning, not today.

The prosecutor may make an opening statement at the

beginning of the case. The Defendant's lawyer may make an opening statement after the prosecutor's opening statement or the Defendant may postpone the making of an opening statement until after the Government finishes presenting its evidence. The Defendant is not required to make an opening statement. The opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in the opening statements is not itself evidence.

Second, after opening statements, the Government will introduce the evidence that it thinks proves the charges stated in the first superseding indictment. The Government will present witnesses and the Defendant's lawyer may cross examine those witnesses. The Government may also offer documents and other exhibits into evidence.

Third, after the Government has presented its evidence, the Defendant may present evidence, but he is not required to do so. As I will tell you many times during this trial, the Government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.

The Defendant is presumed to be innocent of the charges. The law never imposes on a Defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth, after all of the evidence has been presented,

the lawyers will have an opportunity to present closing arguments. Closing arguments are designed to present to you, the jury, the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. What is said in closing arguments is not evidence, just as what is said in opening statements is not evidence.

Fifth, after you have heard the closing arguments, I will give you orally and in writing the final instructions concerning the law that you must apply to the evidence presented during the trial. As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial as well as at the end of the trial.

Sixth, after my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret. You will not be required to explain your verdict to anyone. Your verdict must be unanimous. All twelve of you must agree to it.

You must keep your minds open during this trial. Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence; in other words, until you begin your deliberations.

What is and what is not evidence. You must make your decision in this case based only on the evidence that you see and hear in this courtroom. Do not let rumors, suspicions, or

anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following. One, the testimony of the witnesses. Two, documents and other things received as exhibits. Three, any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence. Statements and arguments of the attorneys for the parties in this case. Two, questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I asked a question about it. It is the witness's answers that are evidence. Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

Three, objections by lawyers including objections to which lawyers state facts.

Four, any testimony I strike or tell you to disregard.

And, five, anything you may see or hear about this case outside of the courtroom. None of those things are evidence.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience

with people and events and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The Rules of Evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks it is not permitted by the Rules of Evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the Rules of Evidence.

Lawyers have a responsibility to their clients to make objections when they think the evidence being offered is improper under the Rules of Evidence. You should not be influenced by the fact that an objection is made. You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.

I may allow evidence by testimony or exhibits only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received into evidence.

Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question. Do not think about or guess what the exhibit might have shown.

Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens, and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision.

Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

There are two types of evidence, direct and circumstantial evidence. The two types of evidence that may be

used in this case, direct evidence and circumstantial evidence, you may use both types of evidence in reaching your verdict.

Direct evidence is simply evidence which, if believed, directly proves a fact. An example of direct evidence occurs when a witness testifies about something that the witness knows from his or her own senses, something the witness has seen, touched, heard, or smelled.

Circumstantial evidence is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts.

An inference is simply a deduction or conclusion that a -- that reason, experience, and common sense lead you to make from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw another. You and you alone must decide what inference you will draw from all

of the evidence.

You should consider all the evidence as presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief, is the witness truthful, is the witness's testimony accurate?

You may believe everything a witness says or only part of it or none of it. You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all other evidence in the case just as you would in any important matter where you were trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment and your experience.

In deciding what to believe, you may consider a number of factors. One, the opportunity and ability of the witness to see or hear or know the things about which the witness testifies. Two, the quality of the witness's knowledge, understanding, and memory. Three, the witness's appearance,

behavior, and manner while testifying. Four, whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice. Five, any relation the witness may have with a party in the case and any effect that the verdict may have on the witness. Six, whether the witness said or wrote anything before trial that is different from the witness's testimony in court. Seven, whether the witness's testimony is consistent or inconsistent with other evidence that you believe. Eight, any other factors that bear on whether a witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience.

In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness's bearing and demeanor, or because of inherent improbability of the testimony, or for other reasons

that are sufficient to you. After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, how much weight you think their testimony deserves.

The Government has charged Mr. Terry with violating federal law, specifically with conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine; and, two, possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine. Mr. Terry has pled not guilty to both of these charges.

The charges against Mr. Terry are contained in the first superseding indictment. An indictment is just a formal way of specifying the exact crimes the Defendant is accused of committing. An indictment is simply a description of the charges against a Defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Terry has been indicted in making your decision in this case.

At this time I'm going to read to you the counts in the first superseding indictment. I read these to you earlier, but I am going to read them to you again at this time.

Count 1 charges that between on or about March 30, 2018, to on or about April 4, 2018, in the Western District of Pennsylvania and elsewhere, the Defendant, John T. Terry, and Gerald Terry and others known to the Grand Jury did knowingly, intentionally, and unlawfully conspire, confederate, and agree together and with one another to distribute and to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21 United States Code Sections 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii), in violation of Title 21 United States Code Section 846.

Count 2 charges that on or about April 4, 2018, in the Western District of Pennsylvania, the Defendant, John T. Terry, did knowingly, intentionally, and unlawfully possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21 United States Code Sections 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(vii).

The elements of the offenses charged. The Defendant, John T. Terry, is charged in the first superseding indictment

at Count 1 with committing the offense of conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine.

To help you follow the evidence, I will now give you a brief summary of the elements of this offense, each of which the Government must prove beyond a reasonable doubt in order to convict John T. Terry of the offense charged.

The elements of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and a detectable amount of cocaine, both Schedule II controlled substances, are: First, that two or more persons agreed to distribute and possessed with intent to distribute a controlled substance.

Second, that each of the named Defendants was a party or member of that agreement.

Third, that the named Defendants joined the agreement or conspiracy knowing of its objective to distribute and possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives. That is, that each of the named Defendants and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

Fourth, that methamphetamine and cocaine are Schedule II controlled substances.

And, fifth, that the mixture or substance containing a detectable amount of methamphetamine and cocaine was 500 grams or more.

The Defendant John T. Terry is also charged at Count 2 with committing the offense of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and cocaine.

To help you follow the evidence, I will now give you a brief summary of the elements of this offense, each of which the Government must prove beyond a reasonable doubt in order to convict John T. Terry of the offense charged.

The elements of possession with intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine and a detectable amount of cocaine, both Schedule II controlled substances, are: First, that on or about the date set forth, the Defendant possessed with the intent to distribute the controlled substances charged in the first superseding indictment.

Second, that the Defendant did so knowingly and intentionally.

Third, that methamphetamine and cocaine are Schedule II controlled substances.

And, fourth, that the mixture or substance containing a detectable amount of methamphetamine and cocaine was 500 grams or more.

What I've just told you is only a preliminary outline of the elements of the offenses charged. At the end of trial I will give you final instructions on the elements of the offenses charged and on other matters of law. Those final instructions will be more detailed. They will guide you in reaching your verdict in this case.

I'll now discuss presumption of innocence, burden of proof, and reasonable doubt.

As I have already mentioned, the Defendant, John T. Terry, has pleaded not guilty to the offenses charged. Mr. Terry is presumed to be innocent. He starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Mr. Terry unless and until the Government presents evidence that overcomes that presumption by convincing you that Mr. Terry is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Mr. Terry not guilty unless you are satisfied that the Government has proved guilt beyond a reasonable doubt. The presumption of innocence means that Mr. Terry has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the

Government to prove that Mr. Terry is guilty, and this burden stays with the Government throughout the trial.

In order for you to find Mr. Terry guilty of the offenses charged, the Government must convince you that Mr. Terry is guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offense charged beyond a reasonable doubt. A Defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary, reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence or from the lack of evidence or from the nature of the evidence.

If after hearing all of the evidence you are convinced that the Government has proved Mr. Terry guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

Mr. Terry is charged with multiple offenses. Each offense is charged in a separate count of the first superseding

indictment. The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.

For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Government is -- that the Defendant is guilty of that particular offense -- I'll read that again. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense. Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

As I mentioned previously, this trial is scheduled to begin today, August 22, 2022, and is scheduled to conclude on or about Friday, August 26, 2022. This is an estimate. The exact length of the trial may vary depending on many factors. This information is provided to you for your planning purposes, to assist you in making necessary arrangements with your family and places of employment.

The normal juror day will begin at 8:30 a.m. and conclude at approximately 5:00 p.m. This schedule may vary to ensure that we complete the trial within a reasonable period.

And that concludes my preliminary instructions. The next phase of the trial will be opening statements by each of the parties, and they will begin in the morning at 9:00 a.m. in this courtroom. I ask that you please be back in the courthouse at 8:30 a.m. tomorrow morning so that you're ready to come into court and listen to opening statements.

As far as today, we've completed our work for today. It's almost 5:00. As I said, the next stage is opening statements, and there will not be time today to do either of the opening statements, so you'll hear those in the morning.

After the opening statements are given, then the evidence will be presented and you will listen and see how many days that takes at this point. We're not certain. We will keep you apprised as to what -- our estimate of the trial and when it will end.

I'm going to give you your recess instructions at the end of the day. You've heard this before. I'm not going to read this to you at every recess that we have; but since this is the end of the day recess, I'll read it to you one more time.

We are about to take our end of the day recess. I remind you of the instructions I gave you previously. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.

If anyone tries to talk to you about the case, do not tell your fellow jurors, but tell me about it immediately through one of my court personnel.

Do not read, watch or listen to any news reports of this trial, if any, or conduct any research or investigation including on the Internet. Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research on the case.

Remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors. That will occur at the end of the trial.

And that concludes the recess instructions. Thank you for your attention today. It's been a long day. You got here about 8:30, and selection of the jury took quite some time; but we finished that. We've now finished with the preliminary instructions. Tomorrow we will go to the opening statements and to the evidence.

So, again, thank you for your concentration and patience today. We'll be in recess until 9:00 a.m. tomorrow morning. Thank you.

MR. KEYS, LAW CLERK: All rise; court is in recess.

(Jury exits courtroom.)

THE COURT: Please be seated. The jury has left the courtroom so these remarks are outside the hearing of the jury.

If you have materials here in the courtroom, they will

be safe in here; the courtroom is locked overnight. And if you -- certainly if you want to take them with you, that's fine; but if you don't, you can leave them here.

Anything further from either counsel at this point in time?

MR. BERNARD: No, Your Honor.

MS. THOMPSON: No, Your Honor.

THE COURT: All right. Thank you, counsel, for your professionalism and diligence in getting the jury selected. I thought it went very smoothly, and we're in the process now of proceeding with the trial; so thank you again.

We'll be in recess until 9:00 a.m.

MS. THOMPSON: Thank you.

(Whereupon, at 4:57 p.m., court was recessed.)

C E R T I F I C A T E

I, Shirley Ann Hall, certify that the foregoing is a correct transcript for the record of proceedings in the above-titled matter.

s/Shirley Ann Hall
Shirley Ann Hall, RDR, CRR
Official Court Reporter