UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 3:18-cr-00024-KRG |
| | : |
| v. | : |
| | : |
| JOHN T. TERRY (aka "Tyree Terry"), | : |
| Defendant | : J. Gibson |

**DEFENDANT'S AMENDED OMNIBUS POST-TRIAL MOTION FOR
JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE,
MOTION FOR A NEW TRIAL[1]**

HERE COMES, the Defendant, John T. Terry (hereafter "Mr. Terry"), by

his attorney, Sandra Thompson, Esq., who in this amended motion respectfully

moves this Honorable Court under Fed.R.Crim.P. 29(c) to grant judgment of

acquittal or in the alternative under Fed.R.Crim.P. 33(a), (b)(2), to grant a new

trial, or to schedule an evidentiary hearing, and, in support thereof, avers the

following:

I.      **Grounds For The Motion**

1. From August 22, 2022 through August 26, 2022, a criminal trial was held

   for Defendant in two Phases, pursuant to the March 14, 2022 Memorandum

   Opinion and Order, Doc 190.

2. The first phase was a trial by jury.

---

[1] The Notes of the Trial testimony (hereinafter referred to as "N.T." with the date
and page number) and the admitted Trial Exhibits are incorporated herein by
reference as if stated in full.

3. On August 25, 2022, during the first Phase of Defendant's criminal trial, the jury issued a guilty verdict against Defendant on the Superseding Indictment, Doc 72, for Count 1- Conspiracy to distribute and to possess with intent to deliver 500 grams of a mixture and substance containing a detectable amount of methamphetamine and cocaine, 21 U.S.C. § 846, and for Count 2- Possess with intent to deliver 500 grams of a mixture and substance containing a detectable amount of methamphetamine and/or cocaine, 21 U.S.C. §§ 841(a)(l).

4. On August 26, 2022, after Defendant waived a jury trial for the second Phase of the trial, pursuant to a bench trial, this Honorable Court issued a guilty verdict on Count 3- Unlawful-possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(l), and on Count 5- Unlawful possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(l)(A).

5. Defendant's right to Due Process Clause under the Fifth Amendment was violated when Defendant stood trial on an indictment which the Government knew was at least partially based on perjured material when James Simpson, Special Agent of the FBI knowingly testified to information that he knew was either false and/or was intentionally misleading to the Grand Jury. N.T., 8/24/22 at pp 129-147. See Also, Defense Trial Exhibits A and E

6. The Government was required, but failed, to present substantial evidence from which a rational trier of fact could find the essential elements of each charge under the superseding indictment beyond a reasonable doubt, as follows:

A. The Government failed to present substantial evidence of Defendant's knowledge and intent when Trooper Marmol testified that: he primarily interacted with the driver who exercised care and control over the vehicle, N.T., 8/23/22 at p. 47-51, 102-103, 106-107, 110, 126-127; Defendant was a passenger in the vehicle, who did not admit to knowledge of the hidden compartment, the firearm, or the controlled substances, N.T. 8/23/22 at pp. 48-49 , 52, 111, 122-123; to observe the hidden compartment, the glove compartment must be completely opened and sheet metal observed, N.T., 8/23/22 at p. 53; although there were two cellphones found in the vehicle with two occupants, he could not testify that any phone was found on a person nor could he provide the reason he attributed the IPhone to Defendant. N.T., 8/23/22 at pp. 119; and that although he stated Defendant took responsibility for the vehicle, he created no audio/video, or written statement of the alleged admission, and he did not remember the context of the conversation, N.T. 8/23/22 at pp.

92-93, 121-122, 133-134, 137-138.  <u>See Also</u>, Govt Exh 1, Clip B, 2101-2146.

B. The Government failed to present substantial evidence of Defendant's knowledge and intent beyond a reasonable doubt when Brian Wright (hereinafter referred to as "Wright"), an automotive vehicle and equipment inspector, testified that around May 2019, he inspected and documented the hidden compartment in the 2010 red Ford Taurus. N.T., 8/23/22 at pp. 146-158, Government Exhibits 15-20. Wright testified that hidden compartment's triggering mechanisms were layered and complicated to avoid accidental opening, and the triggering mechanisms were accessible to the driver. N.T., 8/23/22 at pp. 149-169. Wright confirmed it took a trained eye to see the hidden compartment and the triggers, he had no knowledge of who built the hidden compartment, and he had no information that Defendant held any knowledge or experience with the hidden compartment. 8/23/22 at pp. 164-168.

C. The Government failed to present substantial evidence and to prove beyond a reasonable doubt to a rational trier of fact that Government Exhibits 31 to 34, including all subparts, originated from Government Exhibits 22, 24-26, as Government Exhibits 22, 24-26 were the work product of Justin Sarvey, N.T., 8/23/22 at pp. 172, 177-178, 184-186,

192, and Government Exhibits 31-34 were the interpretations and creations of Agent Simpson, N.T., 8/24/22 at pp. 22-23, 27-28, 36-39, 40, 93-95, 104-106, 109, who was willing to testify falsely and/or misleading to the Grand Jury, especially in light of the fact that Justin Sarvey was asked to authenticate Government Exhibits 31-34 and he acknowledged that once the files are printed or copied, they may be altered. N.T., 8/23/22 at pp. 185, 188-190

D. The Government failed to present substantial evidence and to prove the elements of the charges beyond a reasonable doubt to a rational trier of fact when in response to Defendant's objections to Agent Simpson's reports, Government Exhibits 32-34, including subparts, this Honorable Court directed that the Government clarify to the trier of fact that the exhibits were not direct reports, but were Agent Simpson's interpretations. N.T., 8/24/22 at pp. 36-38, 40, 42. However, the Government did not provide such clarity for the trier of fact but, instead, offered testimony that the reports were as if directly from the full extraction reports. N.T., 8/24/22 at pp. 49-50, 54, 62, 67, 69-70, 80, 83.

E. The Government failed to introduce sufficient evidence providing every element beyond a reasonable doubt to the trier of fact and compounded the issue by prejudicing Defendant when arguing to the jury, in its

Closing, that they would be able to physically inspect the Government's Exhibits 22, 24-26, when the Government knew that the exhibits were admitted on a limited basis, which was based on the chain of custody stipulation limited to the proper custody and movement of the exhibits, not authenticity, and were precluded from being viewed by the jury. N.T., 8/23/22 at pp. 63 ¶¶ 23-25-p. 64 ¶¶ 1-9, N.T., 8/23/22 at pp. 178-186, 193-197, 199; N.T., 8/24/22 at pp. 25, 108; N.T. 8/25/22 at pp. 119, 122, 154.

F. Agent Simpson was admitted as an expert in drug trafficking and coded language, but was permitted to render opinions outside of the scope of his expertise and within the province of the factfinder, including but not limited to: the identity of cellphone users and subscribers, although he did not verify subscriber information; opinions on the identity of a person sending a text,  N.T., 8/23/22 at pp. 6-7, 15; N.T., 8/24/22 at pp. 19, 32-33, 49-50, 150; that the cocaine photographs were taken with an IPhone, N.T., 8/24/22 at p. 73.; an opinion that the IPhone was used by Defendant; and an opinion on the Government exhibits' metadata, N.T., 8/24/22 at pp. 45-46, 75-76, 78. See Also, Government Exhibits 31-34, including subparts.

G. The Government failed to present substantial evidence and to prove beyond a reasonable doubt to a rational trier of fact by the testimony of Morgan Wiernusz (hereinafter referred to as "Wiernusz") a forensic scientist testified who analyzed the suspected narcotics in this case, docketed a report as Lab No. G-18-2212-1, and found the substances in Government Exhibits 2-4 are cocaine with a detectable amount of methamphetamine weighing 2995 grams. N.T. 8/24/22 at pp. 160-162, 165-169. However, this testimony is not substantive proof beyond a reasonable doubt that the alleged methamphetamine was within the margin of error for a detectable amount, as Wiernusz did not testify about what was the margin of error for detection and whether the alleged methamphetamine fell within the margin of error. N.T., 8/24/22 at pp. 170, 174.

H. The Government failed to present substantial evidence and to prove beyond a reasonable doubt to a rational trier of fact by the testimony of Robert Dillard an alleged co-conspirator, whereas, without the other errors in this case no rational trier of fact would give weight to his testimony, in that: he was a career criminal, who gave information to assist himself on a separate drug trafficking investigation; pled guilty to less charges and a lesser controlled substance; despite his record he

7

remained in the community; he possessed no evidence that he previously had contact with Defendant; and he informed on people before. N.T.8/24/22 at pp. 180-181, 184, 186-187, 196-198, 200, 202, 205-207, 209-210, 212-213.

I. The Government failed to present substantial evidence and to prove beyond a reasonable doubt to a rational trier of fact the knowing and intent elements for Count 3 and 5 as the statements of the Co-conspirator, Dillard, establish that the "Terrys were not known to carry a firearm", so there is no substantial evidence of proof beyond a reasonable doubt that Defendant would have known a firearm was in the hidden compartment, or was needed, even if a conspiracy to possess and to deliver controlled substances was found; nor is there substantial evidence that he intended to control it, or that the firearm was possessed in furtherance of drug trafficking. N.T. 8/26/22 at pp. 11 ¶¶ 10-24, Defense Exhibit H.

J. The Government failed to present substantial evidence and to prove beyond a reasonable doubt to a rational trier of fact when agents of the Government intentionally failed to investigate known leads to avoid providing exculpatory evidence, such that: Trooper Marmol did not make a receipt inventory of all items within the vehicle, didn't cause fingerprints or DNA to be completed on the firearm or magazine. N.T.,

8/23/22 at pp. 111-115, 127-130; Agent Simpson did not cause fingerprints or DNA to be conducted on evidence, N.T., 8/24/22 at pp. 91-92; Agent Simpson didn't investigate if the texts were actually related to Defendant. N.T., 8/24/22 at p. 95, nor did he investigate other names connected to IPhone, such as Antwon Chambers who was the IPhone's subscriber and Samuel Marshall whose email account was connected to the IPhone. N.T., 8/24/22 at pp. 120-124, 126.

K. The Government failed to present substantial evidence and to prove beyond a reasonable doubt to a rational trier of fact that the testimony of Defendant and his character witness, Niddarah Winters, are not worthy of weight, as Defendant denied knowing of the hidden compartment in the vehicle, the triggering mechanisms, the firearm, and the controlled substances, and he held no intent to use, possess or control them or the IPhone, and held no agreement, and provided no assistance in drug trafficking of the three kilograms or the firearm found on April 4, 2018, and to argue he had a hidden compartment in another vehicle that was not of the same triggers, location, or complexity is to argue propensity in violation of Rule 404(B). N.T. 8/25/22 at pp. 9-46, 48-49, 63-82; N.T. 8/25/22 at pp. 101-109. Defendant also stated that he never met nor spoke with Dillard. N.T. 8/25/22 at pp. 47-48.

7. The Government failed to present such sufficient evidence beyond a reasonable doubt of Defendant's direct knowledge of a conspiracy.

8. The Government failed to present credible evidence that was sufficient to prove each charge beyond a reasonable doubt whereas:

    A. The PA State Police Marmol and FBI Agent Simpson presented false testimony:
    B. There was no evidence of communication between Defendant and the cooperating witness and the cooperating witness' statements were uncorroborated;
    C. There was no evidence that Defendant was a courier before;
    D. Prosecution's witnesses are unworthy of belief; and
    E. There were no fingerprints, DNA, or other corroborating evidence.

9. No rational, unbiased juror would have found that the Government had proved each charge against Defendant beyond a reasonable doubt, nor would he have given weight and credence to the Government's evidence.

10. In its closing, in violation to Defendant's established rights to due process and a fair trial, the Government improperly argued for the jury to consider Trooper Marmol and Agent Simpson's employment, occupation, and position in life as law enforcement officers, to which the jury obviously improperly weighed and credited to disregard their prior false testimony. N.T. 8/25/22 at pp. 118-119, 152-155.

11. In Closing, in violation of Fed.R. Evid 404 (B), the Government improperly argued the jury should consider Defendant's propensity for committing the

10

offenses based on Government Exhibits 31 through 34. N.T., 8/23/22 at p. 161-162; N.T. 8/25/22 at p. 126-127; N.T. 8/24/22 at pp 70-71.

12. In Closing, the Government improperly argued the metadata was sufficient evidence when there was no qualified testimony to authenticate the metadata of the evidence.  N.T., 8/24/22 at pp. 45-47, 75-76, 78; N.T., 8/25/22 at p. 127.

13. As such, the jury's verdict of guilt in Counts 1 and 2 and the determination that Defendant knew or was involved in a conspiracy, which ultimately led to Defendant's convictions of Counts 3 and 5, was irrational and based on suspicion or conjecture and/or bias and/or ill will against Defendant and a propensity to believe law enforcement.

14. Defendant maintains his innocence and believes that he would have been acquitted on each charge, but for the trial errors and jury bias.

15. These errors individually and combined are not harmless and denied to Defendant rights secured by the United States' Constitution.

## II.    Legal Support For Granting Relief

16. Paragraphs 1 through 15 are incorporated herein as if stated in full.

17. Defendant has rights under the Due Process Claus of the Fifth Amendment and under the Sixth amendment to have every element of every charge

proved beyond a reasonable doubt with substantive evidence. <u>See</u>, <u>In re Winship</u>, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); <u>See Also</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 476-478, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (noting that the "demand for a higher degree of persuasion in criminal cases was recurrently expressed from ancient times .... and is now accepted in the common law jurisdictions as the measure of persuasion by which the prosecution must convince the trier of all essential elements of guilt").

18. For Counts 1 and 2, the Government failed to present sufficient evidence Defendant "knowingly" possessed a controlled substance, was aware of the illegal object of the conspiracy, and knew of the commission of the substantive offense and acted with the intent to facilitate it. <u>United States v. Wexler</u>, 838 F.2d 88, 92 (3d Cir. 1988); <u>See Also</u>, <u>United States v. Tereselich</u>, 885 F.2d 1094, 1099 (3d Cir. 1989).

19. The Government failed to present sufficient evidence beyond a reasonable doubt that Defendant was a participant in a conspiracy and that Defendant: (1) a shared unity of purpose; (2) an intent to achieve a common illegal goal; and (3) an agreement to work toward that goal. <u>See</u>, <u>United States v. Mastrangelo</u>, 172 F.3d 288, 291 (3d Cir.1999); <u>United States v. Coleman</u>, 811 F.2d 804, 808 (3d Cir.1987).

20. For Counts 3 and 5, the Government failed to present substantive evidence beyond a reasonable doubt that Defendant constructively possessed the firearm found in the hidden compartment, when the Government failed to provide substantive evidence that Defendant acted knowingly with both the power and the intention at a given time to exercise dominion or control over the firearm, either directly or through another person or persons. See, United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992)(citations omitted).

21. For Count 5, the Government failed to present substantive evidence to prove beyond a reasonable doubt that Defendant possessed the firearm and that he possessed it "in furtherance of" drug activity. See, United States v. Loney, 219 F.3d 281, 287 (3d Cir.2000) (the possession must be 'in furtherance of' the [underlying] offense. By making this distinction, Congress may well have intended 'in furtherance' to impose a more stringent standard than 'in relation to.').

22. For Count 5, at best, the Government showed that the firearm was in relation to the drugs, not in furtherance of drug activity. Id.

23. The Government lacked sufficient evidence to prove any of the charges within the superseding indictment against Defendant, as the Government's evidence included Government agents' intentional and/or knowingly and willingly false statements to a grand jury that Defendant made admissions of

knowledge and responsibility for the hidden compartment, the drugs, and the firearm that were never made by Defendant and such evidence is so tenuous that Defendant's conviction is shocking. See, United States v. Avants, 367 F.3d 433, 449 (5th Cir.2004).

24. Agent Simpson rendered inadmissible expert testimony, because he entered the province of the trier of fact. See, United States v. Bennett, 161 F.3d 171, 183 (3d Cir. 1998)). An expert may not render an opinion about either an intent or mental state or on the conclusion of an element charged or a defense, on that "Rule 704(b) commands the expert to be silent." United States v. Dunn, 846 F.2d 761, 762 (D.C. Cir. 1988).

25. The "detectable amount" of methamphetamine, which is a drug identity and quantity, must be treated as an element of a section 841 possession with intent to distribute offense when taking into account it increases the applicable statutory maximum. See, U.S. v. Lacy, 446 F.3d 448, 453 (3rd Cir. 2006).

26. The chain of custody may be the subject of a stipulation. See, People v. Perine, 82111. App. 3d 610, 612,402 N.E.2d 847, 849 (1980) (chain of custody stipulated)

27. The interest of justice requires granting Defendant a new trial, if his motion for judgment of acquittal is not granted for each charge. See, U.S. v. Jasin,

280 F.3d 355 (3rd Cir. 2002), finding Federal Rule Criminal Procedure 33 authorizes a district court to grant a new trial 'if the interests of justice so require.'.

28. The Government may not use false testimony to obtain a conviction. <u>See</u> <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1959). <u>Napue</u> "prohibits the prosecution from using false testimony to obtain a conviction and from allowing such testimony, even if unsolicited, 'to go uncorrected when it appears.'" <u>Melville v. United</u> States, 457 Fed.Appx. 522, 527 (6th Cir. 2012) (*quoting* <u>Napue</u>, 360 U.S. at 269). Under <u>Napue</u>, "a new trial is required if the false testimony could in any reasonable likelihood have affected the judgment of the jury." <u>In re Jackson</u>, 12 F.4th 604, 611 (6th Cir. 2021) (citation omitted).

29. Defendant believes that he was denied due process and a fair trial, because there was juror bias, misconduct and/or collusion that contributed to his guilty verdict, in that on August 26, 2022, hours after the jurors were dismissed, Defendant's family observed three jurors[2] approaching the courthouse with flowers, but upon seeing the family, the jurors continued to walk past the courthouse.

---

[2] The jurors were believed to have been seated in the first, seventh, and ninth positions in the jury box.

## III.    Request For Relief

WHEREFORE, Mr. Terry, Defendant, does hereby respectfully request the following relief in that this Honorable Court would:

1- granting this Amended Omnibus Post-Trial Motion and would enter judgment of acquittal in Defendant's favor for Counts 1, 2, 3, and 5 of the superseding Indictment; and/or
2- would grant a new trial for any Count where a judgment of acquittal is not entered; and/or
3- would conduct a Hearing to establish the evidentiary basis for the Motion.

DATED: January 13, 2023            Respectfully Submitted:

/s/ Sandra Thompson
Sandra Thompson, Esq. PA I.D. 84345
Law Office of Sandra Thompson, LLC
351 E. Princess St., P.O. Box 1901
York, PA 17405
Telephone/Fax: 215-987-3650
Email: sthompsonLLC@gmail.com

## **PROOF OF SERVICE**

I, Sandra Thompson, Esq., do hereby certify that the Government was served with a true and correct copy of the Amended Omnibus Post-Trial Motion For Judgment Of Acquittal, Or In The Alternative, Motion For A New Trial pursuant to LCvR 5.6 by electronic means to the extent and in the manner authorized by the Standing Order regarding Electronic Case Filing Policies and Procedures and the ECF User Manual as follows:

Arnold P. Bernard, Jr., A.U.S. A

United States Attorney's Office
Suite 200 - Penn Traffic Building
319 Washington Street
Johnstown, PA 15901

Email: Arnold.bernard@usdoj.gov

DATED: January 13, 2023        Respectfully Submitted:

/s/ Sandra Thompson
Sandra Thompson, Esq. PA I.D. 84345
Law Office of Sandra Thompson, LLC
351 E. Princess St., P.O. Box 1901
York, PA 17405
Telephone/Fax: 215-987-3650
Email: sthompsonLLC@gmail.com
Counsel for Defendant